FRANK T. SMITH, Defendant in Error, *vs.* PETER J. HUNTER *et al.* Plaintiffs in Error.

*Opinion filed October 26, 1909.*

1. SPECIFIC PERFORMANCE—*court will not compel vendee to accept clouded title.* In specific performance the court will not compel the vendee to accept a title clouded with substantial defects, or one which he may be required to defend by litigation or which he cannot readily dispose of by reason of defects therein.

2. SAME—*proof that vendor's title is doubtful is good defense.* Where the vendor in a contract for the sale of land has agreed to furnish an abstract of title showing good merchantable title in him, all the vendee need do to defeat a bill by the vendor for specific performance is to show that the title which the vendor was prepared to convey was doubtful in character.

3. SAME—*time when sufficiency of abstract of title is to be determined.* In specific performance the sufficiency of the abstract of title is to be determined as of the date when the abstract was to be furnished and the deal closed under the terms of the agreement, and not as of some time subsequent to the filing of the bill for specific performance.

4. JURISDICTION—*service by publication—sufficiency of the notice that decree has been entered.* Under section 19 of the Chancery act, providing that a party who has not been served with summons or by copy of the bill and has not received the notice required to be sent him by mail in case of publication, shall have three years in which to petition to open the decree unless he is notified in writing of the entry of the decree, in which case he shall have one year from the receipt of such notice, the written notice of the entry of the decree must be something more than a mere letter from a co-defendant, stating, in general terms, the result of the litigation, of which the recipient of the letter has had no previous notice.

5. SAME—*when an executor does not represent heir-at-law.* An executor having merely a power to sell land at the end of the life estate and pay over the proceeds to named persons, including an heir of the testatrix, does not represent such heir to the extent that the making of the executor a party to a bill to reform the deed under which the testatrix held title to the land will render the decree binding on the heir, who was a non-resident of unknown address, who was not served by summons or by copy of the bill and who did not receive the notice of publication.

6. WILLS—*distinction between directions to executor to sell and devise to executor with power to sell.* There is a distinction between a direction to an executor to sell real estate and a devise to the executor with power to sell, as in the former case the executor has a mere naked authority to sell, the freehold remaining in the heirs until the sale, while in the latter case the authority to sell is coupled with an interest and the freehold vests in the executor immediately.

7. SAME—*when a will does not vest legal title in executor as trustee.* A will providing that the husband of the testatrix shall have the use of certain land during his life and upon his death the land shall be sold by the executor and the proceeds divided by him among named persons, does not pass the legal title to the executor as trustee but the title remains in the heirs of the testatrix until the sale.

8. ABSTRACTS OF TITLE—*when abstract of title is defective.* In specific performance the abstract of title must be held not to show good merchantable title, where it shows a decree reforming a deed less than three years before the time fixed for consummating the sale but fails to show that the court acquired jurisdiction of a necessary party to the proceeding in such manner as to bar his right to come in, under section 19 of the Chancery act, and petition to open the decree and defend the suit to reform the deed.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

THOMAS L. JARRETT, for plaintiffs in error.

PATTON & PATTON, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by Frank T. Smith in the circuit court of Sangamon county against Peter J. Hunter, Nellie Hunter and Thomas L. Jarrett to enforce the specific performance of a contract in writing bearing date January 4, 1908, whereby Frank T. Smith agreed to sell and Peter J. Hunter agreed to buy 87.37 acres of land situated in Sangamon county for the sum of $15,000 on the second day of March, 1908. The contract provided Smith was to furnish Hunter an abstract of title to said lands

showing a good merchantable title to said land in Smith. Hunter refused to perform the contract and demanded that Smith return to him the $1000 note signed by himself and wife, and thereupon Smith tendered to Hunter a deed to the land and filed a bill for the specific performance of the contract against Peter J. Hunter, Nellie Hunter and Thomas L. Jarrett. The latter was the attorney of Hunter, who held in his possession certain notes and mortgages executed by Hunter and wife upon said premises and other lands for a part of the purchase price of said premises. Answers were filed to the bill after a demurrer thereto had been overruled, and subsequently the bill and answers were amended. Exceptions were filed by the complainant to the answers and sustained to the material parts of the same, and the defendants having stood by their answers, a decree was entered in accordance with the prayer of the bill, and the defendants have sued out this writ of error to review said decree.

Numerous questions have been discussed in the briefs filed by the respective parties, but from the view we take of the case we deem it necessary to only discuss the question whether the abstract of title furnished Hunter by Smith showed a good merchantable title to said premises in Smith at the time the contract was to be consummated.

The title to the land stood of record in Anna E. Correll at the time of her death, on October 19, 1904. By her will she provided that her husband, L. S. Correll, should have the use of said premises during his life and upon his death it should be sold by her executor, and Hugh M. Greider (who was her nephew) or his bodily heirs should be paid $2500 in cash out of the proceeds arising from said sale and the balance should go to other parties whom she named in her will. After the will of Anna E. Correll had been admitted to probate, her husband, L. S. Correll, filed a bill in chancery in the circuit court of Sangamon county against Hugh M. Greider and others to reform the deed by which

said land had been conveyed to Anna E. Correll so as to invest himself with the fee title to said premises, and a decree was entered in accordance with the prayer of the bill. Hugh M. Greider was a non-resident of the State and service was had upon him by publication. The residence of Hugh M. Greider being unknown he did not receive the notice required to be sent him by mail, neither was he served with a copy of the bill. He had, therefore, by virtue of section 19 of the chancery code, (Hurd's Stat. 1908, chap. 22,) one year after notice in writing given him of such decree, or three years after the entry of said decree if no such notice had been given him, to appear in said suit and petition the court to be heard touching the merits of such decree so far as it affected his rights, and as three years had not elapsed between the entry of said decree and the time fixed for the consummation of the sale from Smith to Hunter, Hunter claimed the title of Smith to the premises was likely to be defeated by the decree entered in the suit of *Correll* v. *Greider et al.* being set aside or modified upon the application of Hugh M. Greider, and that Smith did not have a merchantable title to said premises, and based his refusal to perform said contract upon the ground that Smith did not have a good merchantable title to said premises, as shown by the abstract of title furnished him by Smith.

It is not claimed by Smith that Greider was served with summons or by copy of the bill, or that he received the notice required to be sent him by mail in case of service by publication, in the case of *Correll* v. *Greider et al.,* through which decree Smith deraigned title, but it is contended that notwithstanding those facts the abstract furnished Hunter showed he had a good merchantable title to said premises on the day on which said contract was to be consummated, and the main question in controversy in this suit is, did said abstract of title show that Smith had a good merchantable title to said premises on that day?

The will of Anna E. Correll named Thomas E. Tomlin executor of her will and he qualified as such and was a party defendant in the case of *Correll* v. *Greider et al.*, and it is contended that he represented Hugh M. Greider in said cause in such manner that the decree entered in that cause was binding upon Greider although the court did not acquire jurisdiction of the person of Greider by service of summons, service by copy of the bill or by publication and mailing of notice, as provided by statute. By the provisions of the will of Anna E. Correll the title to the land in question did not vest in her executor but descended to her heirs, subject to be divested by sale by her executor upon the death of her husband, who had a life estate in the premises. There is a difference between a devise to an executor to sell real estate and a devise to an executor of real estate with power to sell. In one case a naked authority is given to sell; in the other an authority to sell, coupled with an interest, is given. In the former case the freehold remains in the heirs until a sale is made by the executor; in the latter case a freehold immediately vests in the executor. (*Jackson* v. *Schauber*, 7 Cow. 187.) In this case the legal title to the lands was not in the executor as trustee. We think, therefore, it clear that Hugh M. Greider, as heir-at-law of Anna E. Correll, was a necessary party in the case of *Correll* v. *Greider et al.*, and that his interest in the lands of his aunt, Anna E. Correll, as her heir-at-law and as her devisee, was not represented by her executor in that suit in such way as to bind Greider by the decree entered in that case.

It also appears that after the decree was entered in that case the executor wrote Hugh M. Greider, whose residence he ascertained subsequent to the entry of the decree, a letter, in which he notified him of the result of the litigation in the case of *Correll* v. *Greider et al.* in very general terms, and it is said that Greider was bound to take steps within one year from the date and receipt of such letter, under

the provisions of section 19 of the chancery code, to open up said decree and protect his rights in said lands or he would be bound by said decree, and as more than one year had elapsed subsequent to the entry of said decree before the execution of the contract between Smith and Hunter, the title of Smith was good as against Greider. We do not agree with this contention. The statute provides that a person who has not been served with summons or by copy of the bill, and who has not received the notice required to be sent him by mail in case of publication, shall have three years in which to petition the court in which the case is pending, to open up said decree and allow him to defend, unless he has been notified in writing of the entry of said decree, in which case he must file his petition to open up the decree within one year from the receipt of such notice. The notice required to be given a defendant served by publication who has not received the notice required to be sent him by mail, in order to bar his rights in one year, is of great importance to a defendant who has been served by publication but not received actual notice of the pendency of a suit, and we think must be something more than a letter written him by a co-defendant which informs him, in general terms, of the result of litigation to which he has been made a party, but of which he has received no actual notice until a decree has been entered against him barring him of all his rights in the subject matter of the litigation. (*Lyon* v. *Robbins,* 46 Ill. 276; *Southern Bank of St. Louis* v. *Humphreys,* 47 id. 227; *Sale* v. *Fike,* 54 id. 292; *Martin* v. *Gilmore,* 72 id. 193.) We are of the opinion the letter written Greider by Tomlin did not have the effect to limit the time in which Greider might apply to the circuit court, under section 19 of the chancery code, to have his rights in the subject matter of said litigation adjudicated and determined.

It is finally urged that it appears from the supplemental bill filed by Smith in this case that Hugh M. Greider ap-

peared in the case of *Correll* v. *Greider et al.* after the commencement of this suit and filed a petition to have said decree opened up and for leave to have his rights determined in that suit, and that the court denied him such leave. The time fixed for closing the sale between Smith and Hunter was March 2, 1908, but by mutual arrangement, and with a view to perfect, if possible, Smith's title, the time for closing the deal was extended to March 11, 1908. On that day the parties met and Hunter demanded of Smith that he obtain a quit-claim deed from Hugh M. Greider releasing his interest, if any, in said premises. Smith declined to obtain a deed from Greider, saying that it would lead to litigation. Hunter then declined to perform and demanded the thousand dollar note which he had given to Smith, and Smith then tendered to Hunter a deed for said premises and demanded that he perform the contract, and upon Hunter's refusal so to do he filed this bill. The general rule is, that the sufficiency of an abstract of title, upon a bill for specific performance, is to be determined as of the date fixed by the contract or by the agreement of the parties when the party was to furnish the abstract and the deal was to be closed, and not at some time subsequent to the filing of a bill for specific performance. (*Street* v. *French,* 147 Ill. 342; *Gage* v. *Cummings,* 209 id. 120; *Clark* v. *Jackson,* 222 id. 13.) The case of *Gibson* v. *Brown,* 214 Ill. 330, differs in its facts from the case at bar and is not in conflict with the foregoing authorities.

We are of the opinion the abstract of title furnished Hunter by Smith did not show that Smith had a good merchantable title to said premises on March 11, 1908, and that when on that day Smith tendered Hunter a deed for said premises Hunter was not bound to accept the title tendered him by Smith. The law is well settled that a court of chancery will not force upon a vendee a title clouded with substantial defects, or one that a purchaser may be required to engage in litigation to defend, or one that he cannot read-

ily dispose of by reason of defects therein. All the defendant is bound to show to defeat a bill for specific performance is that the title which his vendor is prepared to tender him is doubtful in its character. *Close* v. *Stuyvesant,* 132 Ill. 607; *Mead* v. *Altgeld,* 136 id. 298; *Street* v. *French, supra; Harrass* v. *Edwards,* 94 Wis. 459.

The decree of the circuit court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*