Charles W. Piatt, Executor, Appellee, v. Eliza Ann Trimby,. Executrix, Appellant.

CONTRACTS—*when note representing earnest money will not sustain recovery.* A note given by way of earnest money to bind a contract for the purchase of real estate is not payable in any event but only if the vendor shall upon his part comply with the terms. of the contract of bargain and sale and furnish, as provided in such contract, an abstract showing title in such vendor.

Appeal from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term,. 1909. Reversed. Opinion filed March 30, 1910.

F. M. SHONKWILER and C. F. MANSFIELD, for appellant.

M. R. DAVIDSON and REED & REED, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On January 30, 1908, the plaintiff, Charles W. Piatt, surviving executor of the last will and testament of Clarinda Piatt, deceased, and James W. Trimby, the testator of the defendant, Eliza Ann Trimby, his executrix, entered into a contract, as follows:

"This agreement made and entered into this 30th day of January, A. D. 1908, by and between Charles W. Piatt, surviving executor of the estate of Clarinda. Piatt, deceased, party of the first part, and James W. Trimby, party of the second part, both of Goose Creek Township, Piatt County, Illinois.

"Witnesseth: That first party has this day sold to second party for the sum of Thirty-three Thousand Dollars a tract of land containing 247.06 acres, known as the William Piatt Homestead situated partly in Sections Nos. 25, 26, 35 & 36 in Twp. 19 4.5 E 3rd P. M. Second party agrees to pay said first party for said land the said sum of $33,000 in the manner following, to-wit: $3,000 cash in hand, the receipt of

which is hereby acknowledged, and the remaining $30,000 to be paid to said first party on March 1st, 1908, on the acceptance of second party of the deed for said land on that date. First party hereby agrees: That he will as soon as possible furnish to second party an abstract of title to said land showing the title to said land to be free and clear of encumbrance and showing full power and authority on his part to convey the same. First party further agrees to give possession of said land to second party on receipt of the payment to be made to him on March 1, 1908, as above set forth. Said first party reserves all farm tools and implements, some gate lumber in the barn, the contents of the tool-shed and a wooden circular water tank at the well, all sleds, feed bunks, wagon, racks, etc., etc.

"It is further agreed and understood that time is the essence of this contract, and in case said second party fails or refuses to carry out his part of said contract in the payment of the $30,000 above mentioned at the time specified, then he shall forfeit the $3,000 paid as earnest money. All improvements to be turned over to second party on March 1, 1908, in as good condition as they now are, inevitable wear and tear excepted.

"Witness the hands and seals of the parties hereto on the day and date first herein written.

"Charles W. Piatt    [Seal]
    "First Party.

                    "James W. Trimby    [Seal]
                        "Second Party."

Concurrently with the execution of said contract, and in lieu of the payment by Trimby to the plaintiff of the sum of $3,000 designated in said contract as earnest money, said Trimby executed his promissory note to the plaintiff as follows:

"Monticello, Illinois, January 30, 1908. $3,000. On March first after date for value received, we or either of us promise to pay to the order of C. W. Piatt, Ex. of the estate of Clarinda Piatt, decd., the sum of

Three Thousand Dollars at the banking office of H. V. Moore Banking and Trust Company, Monticello, Illinois, with interest at seven per cent per annum from maturity.

"And to secure the payment of said amount we hereby authorize any attorney of any court of record to appear for us in such court, in term time or vacation, at any time hereafter, and confess judgment without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs, including fifty dollars attorneys' fees to be entered up as a part of the costs against us, and to waive and release all errors which may intervene in any such proceeding, and consent to immediate execution upon such judgment; hereby ratifying and confirming all that said attorney may do by virtue hereof.

"Witness our hands and seals the day and year first above written.

"W. J. TRIMBY    [Seal]"

March 1, 1908, was Sunday and James Trimby was then seriously ill at his home about a mile and a half from Monticello. On March 2, 1908, the plaintiff deposited with the H. V. Moore Banking and Trust Co. a deed to James Trimby of the premises mentioned in the contract together with a copy of the contract, the note, and what purported to be an abstract of title to the land conveyed by the deed, and notified Trimby by mail that he had then and there so deposited said papers. James Trimby died on March 6, 1908, without having paid said note or taken any further action in the matter. Thereafter, the plaintiff filed said note as a claim against the estate of James Trimby in the county court, where, after a hearing thereon, said claim was allowed in full. From the judgment of the county court in favor of the plaintiff on said note the defendant prayed an appeal to the circuit court, where, upon a hearing by the court without a jury, the issues

were found for the plaintiff and judgment entered against the defendant for $3,226.33, to reverse which judgment this further appeal is prosecuted.

Numerous errors are assigned upon the record and argued on behalf of the defendant, but in the view we are constrained to take of the case, it will only be necessary to consider and determine one of the questions presented.

It is conceded by plaintiff that the abstract of title furnished to Trimby in his lifetime and deposited in the bank on March 2, 1908, showed no title whatever in plaintiff's testatrix, Clarinda Piatt, to a tract of land containing 8.59 acres included within the boundaries of the tract of land containing 247.06 acres mentioned in the contract and described in the deed from plaintiff to James Trimby; and it is further conceded by plaintiff that the legal title to said 8.59 acre tract was not in the plaintiff's testatrix at the time of her death, but was vested in the heirs of one W. H. Piatt, who died in 1906, having legal title to said tract. In this state of the record there can be no recovery by plaintiff in this case. By the express terms of the contract time was of its essence, and to entitle the plaintiff to recovery it was incumbent upon him to show that he furnished to defendant's testator within the time fixed by the contract, an abstract of title to the land therein mentioned showing the title to said land to be free and clear of encumbrance, and showing full power and authority on his part to convey the same. This the plaintiff by his own admission wholly failed to do.

The note must be held to be a constituent part of the contract, and the rights and liabilities of the parties to said contract must be held to be reciprocal. There is no force in plaintiff's insistence that the note in question was payable in any event at its maturity, or that in case the abstract furnished to defendant's testator at the maturity of the contract failed to comply

with the requirements of the contract, plaintiff was entitled to further time in which to perfect title to the land in his testatrix, and upon proof of his ability so to do the defendant should be held liable on the note. The record discloses no evidence of any waiver by defendant's testator of the provision of the contract requiring plaintiff to furnish such an abstract as is therein provided, or of the time within which such abstract should be furnished. To hold that the note was payable in any event at its maturity would deprive the contract of the necessary element of mutuality, and to hold that plaintiff was entitled to further time within which to furnish such an abstract of title as is required, by the contract, would contravene the rule that the sufficiency of the abstract of title is to be determined as of the date fixed by the contract and not at some time subsequent thereto. Smith v. Hunter, 241 Ill. 514.

The judgment of the circuit court will be reversed, but the cause will not be remanded.

*Reversed.*