Frank D. Knox, Appellee, v. J. H. Despain, Appellant.

VENDOR AND VENDEE—*what constitutes merchantable title.* In order that a title to real estate be merchantable, it must be good beyond a reasonable doubt, and this must appear from the abstract itself. It is not sufficient that the title may, in fact, be good, or that it may be made good. The abstract on its face must show that there is no reasonable doubt about it. It is not sufficient if the court has a favorable opinion of it, or thinks that it is probably good. It must be such a title as will not detract from the salability of the land, or depreciate its value on the market, or expose the vendee to possible litigation or to the danger of being defeated in an action concerning it. On the other hand, an objection cannot be founded on unsubstantial trifles; a bare possibility that the title may be affected by the exist-

ing causes which may subsequently be developed, when the highest evidence of which the case admits, amounting to a moral certainty, is given that no such cause exists, is not to be regarded as a sufficient ground for a refusal to perform the contract of purchase.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1909. Reversed. Opinion filed and rehearing denied May 18, 1910.

O. M. JONES and A. A. PARTLOW, for appellant.

ACTON & ACTON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The appellee, Knox, recovered a judgment in the Circuit court against appellant Despain, for the sum of $1000, being the amount of the penalty provided in a written contract between the parties entered into May 22, 1908, in and by which Despain agreed in substance to purchase from Knox a farm of 257 acres in Indiana for the sum of $32,125, for which the said Knox agreed to accept in exchange of said Despain, certain residence properties in the city of Danville, at an agreed valuation of $16,500. The contract further provided that in case either party should fail to carry out the agreement, he should forfeit and pay to the other the sum of $1,000, and further, that each party was to furnish the other a "merchantable abstract and warranty deed and that the property should be cleared up to date." Shortly after the contract was signed the parties exchanged abstracts. Despain submitted the one furnished by Knox, to an attorney for examination. The attorney reported that the abstract failed to show a merchantable title in Knox. Upon being notified of such objections the attorney for Knox sought to cure the defects pointed out by supplying several affidavits in support of the title shown by the abstract. Despain thereafter tendered to Knox a deed for the property to be conveyed to him, together with the

abstracts of title therefor, and announced that he was ready to comply with the terms of the contract, but that he was not willing to accept the title to Knox's land, for the reason that the same was defective, and, notwithstanding the affidavits furnished, failed to show a merchantable title in Knox as provided in the contract. Knox failed to cure the alleged defects in the title, whereupon Despain refused to consummate the deal, and Knox instituted the present suit. While other questions are involved and argued, the only one we deem it necessary to consider is whether or not the abstract of title tendered by Knox, together with the affidavits in support thereof, showed a merchantable title in him to the property which he agreed to convey.

For the purpose of shortening the record, the parties upon the trial agreed upon a statement as to what was shown by the abstracts of title in question. It appears therefrom that the fee to a part of the land was in the year 1880 held by Henry Skinner and Norman Skinner as tenants in common, the last deed to Henry Skinner being dated in 1880; that there was no subsequent conveyance from Henry Skinner, but that the entire fee was subsequently conveyed by Norman Skinner. To supply such deficiency appellee furnished as a part of the abstract, an affidavit of Ellen Reynolds, a daughter of Norman Skinner, which he claims shows that such conveyance by Norman Skinner of the whole title was followed by actual, open, notorious, exclusive, continuous, adverse and hostile possession for farming purposes under claim of title, and payment of taxes, with the general reputation in the community that his grantee was the owner of said land. He insists that the facts as established constituted such an ouster or disseizin of the other co-tenants, that the statute of limitations had become a bar to an action by them for the recovery of the land. To further cure such defects, appellee relies upon the fact that it appears from one of the abstracts that certain lands of which Henry Skinner died seized, were partitioned by the circuit court of Vermilion county, Indiana, in the year

1895, and that the tract referred to was not included in the proceeding for that purpose.

It appears that another tract was in 1829 devised by John Billings, who originally entered the land, to his sons Archibald Billings and David Billings, but there is no subsequent conveyance shown in the abstract by David Billings, and nothing to show that he ever parted with his title. In many conveyances shown by the abstracts, the grantors are not described, nor is it shown what interest they possessed, nor whether the interest of all of the others of the particular tract was conveyed. To supply the absence of a conveyance from David Billings, appellee relies upon an affidavit made by himself, that there is a tomb-stone upon a grave on the land in question inscribed "David Billings, son of John and Annie, died A. D. 1837, age 20 years." Such fact has little probative force and may be regarded as but a makeweight.

In order that a title be merchantable, it must be good beyond a reasonable doubt, and this must appear from the abstract itself. It is not sufficient that the title may, in fact, be good, or that it may be made good. The abstract on its face must show that there is no reasonable doubt about it. It is not sufficient if the court has a favorable opinion of it, or thinks that it is probably good. It must be such a title as will not detract from the salability of the land, or depreciate its value on the market, or expose the vendee to possible litigation or to the danger of being defeated in an action concerning it. If there is a reasonable doubt as to the title, it will be resolved in favor of the vendee. If there is even a color of outstanding title which may prove substantial, a purchaser will not be required to take it and thus encounter the hazard of litigation with an adverse claimant over whom the court has no jurisdiction. Howe v. Coates, 97 Minn. 385.

In Smith v. Hunter, 241 Ill. 514, it is held that where the vendor in a contract for the sale of land, has agreed to furnish an abstract of title showing good merchantable title in him, all the vendee need do to defeat a bill by the vendor

for specific performance, is to show that that title which the vendor was prepared to convey was doubtful in character. It is there said: "The law is well settled that a court of chancery will not force upon a vendee a title clouded with substantial defects, or one that a purchaser may be required to engage in litigation to defend, or one that he cannot readily dispose of by reason of defects therein." On the other hand, an objection cannot be founded on unsubstantial trifles; and a bare possibility that the title may be affected by the existing causes which may subsequently be developed, when the highest evidence of which the case admits, amounting to a moral certainty, is given that no such cause exists, is not to be regarded as a sufficient ground for a refusal to perform the contract. 26 Am. & Eng. Ency. of Law, 2d Ed. 109; I Warvelle on Vendors, pages 303-304-310.

· The abstracts of the record of conveyances do not of themselves show a merchantable title in appellee, but he claims that the affidavits accompanying the abstracts and made a part ·thereof, show good title by adverse possession under color of title, and that the same may be properly considered in connection with the record title in determining whether or not a merchantable title which appellant was bound to accept, was shown. It is contended by appellant that defects in title cannot be cured by *ex parte* affidavits showing adverse possession; that they have no weight as evidence, and cannot be offered in evidence in any proceeding; that not being made in a judicial proceeding, or any other matter where by law an oath is required, they cannot be made the basis of perjury if untrue; that they are not binding upon the maker or any party in interest; and therefore have no more force or effect than the unsworn statement of the person making the affidavits.

There is much force in such contention, but it is not necessary for us now to determine the question. We are of opinion that even if the defective titles here involved could be so cured by affidavits as to make them merchantable, those offered in evidence are insufficient for that purpose, for the reason that they state conclusions instead of facts. ₊ They

fail to negative the fact that some of the parties interested in the so-called defective titles were not tenants in common and were not under legal age, or not laboring under disability, whereas all of these possibilities should be negatived by stating the facts. The affidavits presented with the abstracts were *ex parte* statements, and those making them were not subjected to cross examination, and hence the statements therein contained should have left nothing to conjecture. In Clark v. Jackson, 222 Ill. 13, the danger of accepting the conclusion of an affidavit in such cases is pointed out by the court in its opinion. It will be seen that but 28 years have elapsed since the deed to Henry Skinner, and only 13 years since his death. It cannot be assumed in the absence of any evidence other than the affidavits, which state conclusions only, that the statute of limitations did run against these tenants in common and that the interest of Henry Skinner and his heirs is barred. The law is that the statute of limitations does not run as against tenants in common until there has been a disseizin, and there is nothing in these affivavits showing any such disseizin, nor is there anything in them to show that any of the parties in interest were not infants, nor were not laboring under disability. If such was the case, the mere fact that the statutory period had elapsed and that the person in possession had been in the open, notorious, adverse, hostile and continuous possession for over the statutory period, would not bar tenants in common or persons who were laboring under disability of infancy, insanity or any similar defect.

It is true that it appears from the record that the statute of Indiana provides that actions for the recovery of the possession of real estate shall be commenced within a period of twenty years after the cause of action has accrued, and not afterward, and that it does not appear that any exceptions exist in favor of infants, insane persons or other persons under disability. But if it be assumed that defects in title appearing in an abstract, can be cured by *ex parte* affidavits, and that the affidavits here in question can be held to state facts instead of the conclusions of the affiants, and

that the laws of Indiana are as shown by the record, we nevertheless are of the opinion that the abstracts, together with the affidavits, failed to show a merchantable title in appellee.   While it is possible that, if the title were attacked in the future, those making the affidavits, or others who might be found, would testify in any legal proceeding which might be instituted, to the facts which appellee claims the affidavits conclusively show, and that the holder of the title might successfully defend against adverse claimants, it is manifest that protracted and expensive litigation might possibly be necessary.   This possibility is sufficient, we think, to warrant the conclusion that the title shown by the abstracts and accompanying affidavits was not a merchantable one within the intendment of the contract between the parties.   We are unable to say that the defects pointed out may not prove substantial, or that there is no reasonable doubt that the holder of the title may not be required at some time in the future to encounter the hazard of litigation.   We are therefore of opinion that appellant was not bound to accept the title offered.

The court erred in refusing to direct a verdict for the defendant at the close of all the evidence, and the judgment will be reversed without remanding the cause.

*Reversed.*