(88 South. 569)

**LIPHAM v. SHAMBLEE et al.　(7 Div. 178.)**

(Supreme Court of Alabama.　April 14, 1921.)

**1. Reformation of instruments ⬅️45(1)—Proof must be clear that writing does not express intention of parties.**

To authorize the reformation of a written contract, the proof must be clear, exact, and satisfactory that the writing does not express the intention of the parties, and also as to what the parties did intend the writing should contain.

**2. Reformation of instruments ⬅️45(6)—Evidence held to show written agreement of grantee not intended to be part of deeds passing between grantor and grantee.**

Where complainant and her husband deeded to her father 160 acres of land, and the latter reconveyed to her husband 20 acres, and also signed an agreement reciting that he had obtained a deed to 140 acres from complainant and her husband, which deed was not to go on record, and that the land was to go back to complainant at grantee's death, evidence *held* to show that the parties did not intend to embrace in the deeds anything other than was contained therein, and that any other agreement was to be left to a separate instrument.

**3. Reformation of instruments ⬅️18—Court will not grant relief against mistake of law inducing parties to omit from deeds certain conditions upon which same made.**

Where a grantor deeded certain property absolutely, and the grantee agreed that the deed should not be recorded and that the land should go back to grantor upon grantee's death, if such agreement was omitted from the deed because the parties were content to rest their rights thereon independently of the deed, this was merely a mistake of law, and not of fact, against which no court will grant relief.

**4. Reformation of instruments ⬅️11 — Court cannot reform deed so as to include separate contract reciting conditions thereof.**

The court can only reform a contract so as to express that which the parties agreed upon, and cannot make a new contract for them, so that reformation of a deed so as to include therein a separate contract reciting conditions of the deed cannot be granted.

**5. Reformation of instruments ⬅️45(6) — Where evidence is conflicting as to whether collateral agreement was executed by grantee, reformation of deed will not be granted.**

Where the evidence as to whether a grantee executed a written contract not to record grantor's deed to him, and that the property should go back to the grantor upon grantee's death, was conflicting, reformation of the deed will not be granted.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Suit by J. V. Lipham against J. W. Shamblee and others. Decree for defendants, and complainant appeals. Affirmed.

Stell Blake, of Roanoke, and H. T. Burns, of Wedowee, for appellant.

The answers to sections 2, 3, 4, and 5 of the bill amount to an admission of the same. 28 Ala. 280. Acts 1915, p. 134, have application to the present case, relative to the signature of Landers and the comparison of his signature disputed with his signature admitted. 30 Ala. 120; 74 Ala. 213; 89 Ala. 391, 7 South. 398; 144 Ala. 77, 38 South. 833; 175 Ala. 373, 57 South. 962, Ann. Cas. 1914D, 81. The contract was signed and executed and delivered. 197 Ala. 482, 73 South. 27. Lipham was not prohibited from testifying by section 4007, Code 1907. 163 Ala. 376, 50 South. 937; 174 Ala. 322, 56 South. 965. Parol testimony is admissible to reform a writing. 21 Ala. 252; 21 Ala. 693; 48 Ala. 368; 85 Ala. 80, 4 South. 745; 110 Ala. 106, 20 South. 27.

Hooton & Vann, of Roanoke, and Merrill & Jones, of Heflin, for appellees.

No brief reached the Reporter.

GARDNER, J. Appellant, the daughter of one J. A. W. Shamblee, and the wife of J. T. Lipham, filed this bill against J. W. Shamblee, her brother, as an individual and as administrator of the estate of his father and thereby sought the reformation of certain deeds or written instruments, with incidental relief not necessary to here note. Relief was denied, and her bill dismissed; from which decree she prosecutes this appeal.

The bill discloses that on February 28, 1908, complainant's husband, J. T. Lipham, was seized and possessed of 160 acres of land, particularly described therein, and that negotiations were entered into between the husband and J. A. W. Shamblee, complainant's father, whereby the latter, for a named consideration, was to acquire 140 acres of said tract of land, and it was agreed that J. T. Lipham was to deed to said Shamblee the 140 acres for a consideration of $200, and the further agreement that the deed was not to go on record, and the grantee was to hold

the lands during his life, and at his death the same should go to his daughter, the complainant. That on said date, in pursuance of said agreement, deeds were drafted by one H. D. Landers, a notary public, and by him attested, whereby J. T. Lipham and complainant, his wife, conveyed to J. A. W. Shamblee the entire 160 acres; and on the same day said Shamblee reconveyed to J. T. Lipham 20 acres of said land. The bill further alleges that on this date J. A. W. Shamblee also signed a certain contract or agreement, which is made Exhibit D, in the following language:

"The State of Alabama, Randolph County.

"This contract made and entered into on this the 28th day of February 1908, by J. A. W. Shamblee who has this day obtained a deed to 140 acres of land known as the land deeded by Ester Bass to J. T. Lipham, from J. T. Lipham and J. V. Lipham, said deed is not to go on record and said land is to go back to my daughter J. V. Lipham at my death together with all the rights and possession of said land.

"J. A. W. Shamblee.
"Witness: H. D. Landers, Notary Public."

Copies of the deeds executed and delivered were made exhibits to the bill. It is further averred that, at the time of the drafting and execution of these deeds and instruments in writing, it was the intention of the parties to express the agreement mentioned, but that, by a mistake or inadvertence of the parties, or through the unskillfulness of the draftsman, the agreement which was intended was not therein correctly expressed.

There was no demurrer to the bill, but answer was filed denying the material averments, and it was particularly denied that J. A. W. Shamblee ever executed the written agreement marked Exhibit D, set out above. Though no demurrer was interposed to the bill, yet it cannot escape attention that it is most uncertain as to what particular instrument is sought to be reformed, nor is the right of complainant to maintain the suit at all questioned; but we pass these matters without further notice.

[1] In the exercise of this jurisdiction, it is well understood that the court proceeds with utmost caution, as it involves the invasion of a salutary rule of evidence, and that, to authorize the reformation of a contract which has been reduced to writing, and signed, the proof must be clear, exact, and satisfactory, to the effect that the writing does not express the intention of the parties, and, further, what, in fact, the parties had intended the writing should contain. If the proof is uncertain in any material respect, it will be held insufficient.

[2] The proof shows that H. D. Landers, who is now deceased, was an attorney, although with a very limited practice, and that he was procured by the parties to draft the deeds. If we accept the theory of complainant, and concede, for the purposes of the question here under consideration, that at the time the execution of the deed J. A. W. Shamblee also executed the contract referred to as Exhibit D, yet we are persuaded, as to the deeds in question, the complainant has failed to bring herself within the rule as to reformation of written instruments. The testimony for the complainant, viewed in its most favorable light to her, indicates very strongly that the papers were drawn and executed as the parties understood and desired. There is nothing in the proof tending to show that the parties intended to embrace in the deed from J. T. Lipham to J. A. W. Shamblee, or in the deed from the latter to the former, anything other than was contained therein; but that, in fact, any other agreement than that which appears on the face of these deeds was to be left to a separate instrument, which in no manner was to form a part of these conveyances.

[3, 4] If such agreement was omitted from the deeds upon the theory that the parties were content to rest their rights thereon independently of the deed, and in this they should subsequently be disappointed, this would have been merely a mistake of law, and not of fact; and, as said by this court in Clark v. Hart, 57 Ala. 390, "against a simple mistake of law, no court will grant relief."

The case of Larkins v. Biddle, 21 Ala. 252, cited by counsel for appellant, does not come within this principle, and is easily distinguishable from the instant case. The only authority in the court is to reform the contract so as to express that which the parties agreed upon, and not to make a new contract for the parties. An analogous situation was presented in the comparatively recent case of Holland Blow Stave Co. v. Barclay, 193 Ala. 200, 69 South. 118, wherein the court made use of the following quotation from Clark v. Hart, supra, which is here pertinent:

"The difficulty lies in determining, sometimes, whether the alleged mistake, sought to be corrected, falls within the rule. Chancery does not add terms to the contract which the parties did not intend to embody in the writing. It is only when stipulations which the parties intended to express have been left out by mistake, or omitted through fraud, that the reforming powers of the chancery court can be called into exercise. If there be other contemporaneous agreements or terms, not put in the writing, and not intended to be inserted therein, this is no mistake of fact, and furnishes no ground for equitable interposition. It is simply a mistake of law in supposing that such oral stipulations may be proved and considered in construing the writing. To allow reformation, under such circumstances, would be to create for the parties a written contract, which they intentionally left in confidence, and did not intend to express in the writing. In other words, it would enable chancery to relieve parties of all the dis-

abilities which result from that very salutary rule of evidence which forbids that oral proof shall be received to add to, vary, or contradict the terms of a written contract."

[5] Therefore, if the bill seeks a reformation of either of the deeds in question, so as to have the contract agreement, Exhibit D, included therein, under the proof here disclosed it falls within the foregoing principle, and complainant must fail. On the other hand, if complainant's right to relief must depend upon the establishment of the execution of Exhibit D, the result must be the same.

Numerous witnesses were examined by the parties, particularly concerning the signature of H. D. Landers as a witness to this agreement (Exhibit D). The record is rather voluminous, and a discussion of it here would serve no useful purpose. We have read with care the testimony of witnesses who emphatically insist that the signature of Landers as a witness is not his signature, and of other witnesses who testified to the contrary. Upon that question the proof is in irreconcilable conflict, as likewise in regard to statements made by J. A. W. Shamblee.

The original of this instrument, as well as the deeds, have been sent up for the inspection of this court. It may be here noted that, in the original Exhibit D, in the body of the purported contract. the name of Shamblee is spelled "Shambley." We have carefully examined these original papers, and considered them in the light of the testimony above referred to. It is unnecessary that we announce any definite conclusion further than to state that, in the mind of the court, there exists such doubt and confusion upon this issue that we would be unwilling to grant complainant relief thereon.

It results that, in our opinion, the bill was properly dismissed, and the decree of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.