(92 South. 120)

**FOWLER v. STACEY. (3 Div. 521.)**

(Supreme Court of Alabama. Jan. 19, 1922.)

Reformation of instruments ⬤⟹45(4)—Evidence insufficient to authorize reformation of deed made by plaintiff.

Where complainant executed a deed in June, 1895, to Mary E. and "at her death for Millie E." (aged three years), and in September Mary E. reconveyed to complainant, in a suit against Millie E., seven years after she had passed her majority, to reform the deed, *held*, under the evidence, that complainant failed in the high degree of proof required.

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Bill by Jasper W. Fowler against Millie E. Stacey to perform a deed. From a decree dismissing the bill, complainant appeals. Affirmed.

Leon G. Brooks, of Brewton, for appellant.

Complainant was not guilty of laches as mere lapse of time does not constitute laches, and complainant, being in possession of the property, need not take action until his right of possession is disputed. 34 Cyc. 954; 21 C. J. 221; 122 Ala. 297, 25 South. 216; 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81; 139 Ala. 378, 35 South. 1022, 101 Am. St. Rep. 38; 196 Ala. 184, 72 South. 14; 186 Ala. 234, 65 South. 183; 194 Ala. 521, 69 South. 930; 152 Ala. 467, 44 South. 565. The evidence clearly shows a mutual mistake entitling complainant to a reformation. 17 Ala. 557, 52 Am. Dec. 185; 18 Ala. 682; 21 Ala. 256; 21 Ala. 692; 139 Ala. 379, 35 South. 1022, 101 Am. St. Rep. 38; 123 Ala. 164, 27 South. 401.

Stone & Stone, of Bay Minnette, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellant filed this bill against appellee seeking a reformation of a certain deed executed by him in June, 1895, to Mary E. Perry, and "at her death for Millie E. Perry," conveying 20 acres of land in Escambia county, Ala. Upon submission of the cause for final decree on pleadings and proof the court below denied relief, and from this decree complainant prosecutes this appeal.

In September, 1895, Mary E. Perry reconveyed said 20 acres to the complainant, who has since that time been in the undisturbed possession thereof. Millie E. Perry is the daughter of Mary E. Perry, and at the date of the execution of the deed here sought to be reformed was a child of three years of age. She married one Stacey, and is the respondent in this cause. Mary E. Perry was the half-sister of complainant, and at the time of the transaction here in question she and her daughter were living in complainant's home.

It is the insistence of complainant that the agreement between himself and Mary E. Perry contemplated that the deed be executed to her alone, vesting in her the fee-simple title, and that the insertion in the deed of a remainder interest to the infant daughter (now Millie E. Stacey) was a mistake of the draftsman of the deed, one Hubbird, a notary public who also took the acknowledgments of the grantors. By this proceeding, therefore, complainant seeks to have the deed so reformed as to eliminate therefrom any reference to respondent as a party in interest.

The answer denies all the material averments of the bill, and issues of fact were thus presented for determination. The defense of laches was also interposed, but, as the conclusion here reached is rested upon the real substantial merits of the cause upon the issue of fact presented, a consideration of that defense is deemed unnecessary. The rule governing the courts in the determination of cases of this character is well understood, and is often stated in substantially the language found in the following quotation from the recent case of Lipham v. Shamblee et al., 205 Ala. 498, 88 South. 569:

"In the exercise of this jurisdiction, it is well understood that the court proceeds with utmost caution, as it involves the invasion of a sanitary rule of evidence, and that, to authorize the reformation of a contract which has been reduced to writing and signed, the proof must be clear, exact, and satisfactory, to the effect that the writing does not express the intention of the parties and further what, in fact, the parties had intended the writing should contain. If the proof is uncertain in any material respect, it will be held insufficient."

And, as said in Holland Blow Stave Co. v. Barclay, 193 Ala. 200, 69 South. 118:

"The high degree of proof required in cases of this character is recognized by all the authorities."

The testimony of complainant and his sister Mary E. Perry supports the averments of the bill. That of the scrivener, Hubbird, is opposed. One Saleta E. Fowler was the wife of complainant, and she joined in the execution of this deed. Hubbird testified he wrote the deed as Mrs. Fowler directed. It appears there was a motive in having a remainder interest given to the daughter, growing out of the gift of the purchase money for this property to said Mary E. Perry. Hubbird is without interest in the case, and testified positively that he read the deed over to the parties just as it was written. All admit it was read to them before signing, but complainant and Mary E. Perry testify

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that Hubbird did not read that part referring to Millie E. Perry. Hubbird further testified that some few months subsequent to the execution of the deed complainant expressed to him satisfaction with the deed as it was written, and that during all these years he heard of no complaint whatever until this bill was filed. Respondent testified she knew nothing of the transaction, except that, to use the language of the witness, "my mother has always told me that at her death I would get it." It may be stated here, however, that the evidence of the mother and daughter in this case is not in agreement. Mrs. Saleta Fowler's testimony does not appear, nor is there any explanation of this fact to be found in the record, though brief of appellant's counsel contains the assertion that she is "now deceased." Complainant's testimony discloses that he discovered this alleged mistake in the deed a short time after its execution, and talked with Judge Brooks, then probate judge of the county, in regard to the matter, who advised him that, as it "was in the family," he might wait until Millie Perry reached her majority, and then she would execute a deed to him and thus clear up the title. Complainant further testified that the only time he ever talked of the question with respondent was just before the filing of this bill, and at that time it appears respondent had passed her majority by something like seven years. But a further discussion of the evidence is not necessary. Suffice it to say the testimony has been given careful and deliberate consideration by the court in consultation, and the conclusion has been reached that complainant has failed in that high degree of proof required.

The decree of the court below dismissing the bill is correct, and will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.