(104 So. 785)

## ALABAMA BANK & TRUST CO. v. JONES.
### (4 Div. 203.)

(Supreme Court of Alabama. May 7, 1925. Rehearing Denied June 25, 1925.)

**1. Gaming &ignoreChar;19(1)—Court of equity may enjoin foreclosure of mortgage founded on gambling consideration.**

Under Code 1923, § 6465, court of equity may enjoin foreclosure of mortgage, which is void under section 6808, as founded on gambling consideration.

**2. Gaming &ignoreChar;19(1)—Mortgage securing note based on gambling consideration void.**

Mortgage securing note founded on gambling consideration, though in form of cash loan, is void under Code 1923, § 6808.

**3. Courts &ignoreChar;105—Supreme Court need not discuss and recite evidence supporting decree in equity case.**

Under Code 1923, § 6565, Supreme Court need not discuss and recite evidence which it holds sufficient to support decree appealed from in equity case.

Sayre, J., dissenting.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Bill in equity by J. E. Jones against the Alabama Bank & Trust Company, as administrator of the estate of W. E. Waites, deceased. From a decree for complainant, respondent appeals. Affirmed.

Emmet S. Thigpen, of Andalusia, for appellant.

Counsel argue for error in the decree, but without citing authorities.

J. Morgan Prestwood, of Andalusia, for appellee.

A contract founded upon a gambling consideration is void. Code 1923, § 6808; Kuhl v. Gally, 123 Ala. 452, 26 So. 535, 82 Am. St. Rep. 135.

MILLER, J. This is a bill in equity by J. E. Jones against W. E. Waites. During the pendency of the cause Waites died, and it was revived in the name of the Alabama Bank & Trust Company, a corporation, as administrator of his estate. The bill seeks to have enjoined the foreclosure of a mortgage on certain land therein described, which mortgage was executed by complainant and wife to W. E. Waites; to have it declared void, and canceled on the records on the ground the note and mortgage securing it are founded entirely on a gambling consideration.

The defendant filed answer in the nature of a cross-bill, denying that the note is founded on a gambling consideration, averring the consideration is a debt due defendant's intestate by complainant, and seeking to have the amount of the debt, and a reasonable attorney's fee, secured by the mortgage, ascertained, and the mortgage foreclosed under decree of the court, and the land conveyed by it sold for the payment of this debt and attorney's fee. The complainant puts in issue the debt, and avers the note secured by the mortgage is based entirely on a gambling consideration. The court on pleading and proof held complainant was entitled to relief, that the consideration in the note and mortgage is a gambling debt, founded wholly upon a gambling consideration, enjoined the foreclosure of the mortgage, directed that it and the note be surrendered to the register and canceled; directed the register to mark on the margin of the record of the mortgage that it was canceled, and taxed the respondent, as administrator of this estate, with the court cost of the cause. This appeal is prosecuted by the respondent, Alabama Bank & Trust Company, as administrator of the estate of W. E. Waites, deceased, from that decree, and it is the error assigned and argued by the appellant.

[1] Under our statute all contracts founded in whole or in part on a gambling consideration are void. Section 3338, Code 1907; section 6808, Code 1923. A court of equity has jurisdiction in all cases founded on a gambling consideration so far as to sustain a bill of discovery and grant relief. Section 6465, Code 1923; section 3052, Code 1907. A court of equity has the jurisdiction to grant the relief sought in this cause, if the proof shows complainant is entitled to it. Section 3052, Code 1907; Kuhl v. Gally, etc., Press, 123 Ala. 452, 26 So. 535, 82 Am. St. Rep. 135.

Under an Act approved September 28, 1923 (Gen. Acts 1923, p. 631, § 1, now section 6565, Code 1923) in equity cases it shall not be required or necessary that objection be made to any testimony, which may be offered by either party, and on appeal this court shall consider only the testimony which is relevant, material, and competent, and this court is not required to point out or indicate what testimony, if any, should be excluded or not considered. Section 6565, Code 1923.

[2] There is much evidence pro and con on the consideration of the note and mortgage as to whether it is wholly a gambling consideration or a bona fide cash loan. This is the real litigated issue. Some of this evidence is illegal, but the trial court held, and,

---

&ignoreChar;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

we think, correctly, that the "note is founded wholly upon a gambling consideration, and that the express consideration in said note and mortgage is a gambling debt." There is ample legal evidence to support this finding, and it is sustained by the weight of the testimony. The parties agree it is purely a question of fact, and if complainant has proven the averments of the bill, then the court was correct in declaring by the decree that the mortgage is void. It took the form of a cash loan; but in reality it was between the parties only a colorable loan based on a gambling consideration.

[3] The decree rendered by the trial court is correct; the facts found by him support the decree, which is sustained by the weight of the evidence. The statute does not require us to discuss and recite the evidence which directs us to this conclusion, and no necessity exists for it.

The record is free from error, and the decree is affirmed.

Affirmed.

All the Justices concur, except SAYRE, J., who dissents.