(110 So. 898)

BRUMFIELD v. HALL et al. (8 Div. 863.)

(Supreme Court of Alabama. Dec. 16, 1926. Rehearing Denied Jan. 22, 1927.)

1. Vendor and purchaser ⬅=231(11)—Deed filed prior to deed previously delivered was superior to latter.

Deed executed and filed January 22, 1923, was superior to deed from same grantor executed October 31, 1922, and recorded January 31, 1924.

2. Reformation of instruments ⬅=36(3), 45(4) —To warrant reformation of deed, mistake must be pleaded with particularity and shown by clear and satisfactory proof.

Mistake in deed must be pleaded with particularity, and before reformation will be granted it must be shown by clear, exact, and satisfactory proof that mistake exists and that writing deviated from intention of parties at time of execution.

3. Reformation of instruments ⬅=43—Party seeking reformation of instrument has burden of proof.

One seeking reformation of written instrument has burden of proof to end of relief prayed.

4. Reformation of instruments ⬅=19(1)—Reformation of instrument will not be granted unless mistake is mutual.

To warrant reformation of written instrument, mistake must be mutual, and mistake of only one party is not sufficient.

5. Vendor and purchaser ⬅=231(11)—Deed conveying some of property previously deeded to complainant, recorded prior to complainant's, could not be canceled, in absence of showing that subsequent purchaser had notice of alleged boundary.

Where evidence did not show that subsequent purchaser, under deed recorded prior to

complainant's previously delivered deed, had notice of alleged boundary, or that when he received deed complainant or his predecessor in title was in possession under unrecorded deed, complainant was not entitled to have subsequent purchaser's deed canceled because it conveyed some of property previously deeded to complainant.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by C. W. Brumfield against J. S. Hall, J. W. Letson, and W. D. Morgan to cancel a deed from Morgan to Hall as a cloud upon complainant's title. From a decree denying relief, complainant appeals. Affirmed.

Street, Bradford & Street, of Guntersville, for appellant.

Hall, knowing that complainant's grantor purchased lot 1 before he (Hall) purchased lot 2, cannot benefit by the fact that his deed was placed on record prior to Letson's deed. Eppes v. Thompson, 202 Ala. 145, 79 So. 611; Ala. C. & C. Co. v. Gulf C. & C. Co., 165 Ala. 304, 51 So. 570. The law presumes Letson's deed was delivered on the day executed. Williams v. Armstrong, 130 Ala. 389, 30 So. 553. The deed to Letson was described according to the map, and the measurements in his deed, as shown by the map, show the strip of land involved to be a part of lot 1. Thrasher v. Royster, 187 Ala. 350, 65 So. 797. When Hall's deed was executed, Morgan did not own the strip, having conveyed it to Letson. Complainant was entitled to reformation. Crane v. Blackburn, 187 Ala. 298, 65 So. 812; Miller v. Morris, 123 Ala. 164, 27 So. 401; 34 Cyc. 951; Dulo v. Miller, 112 Ala. 687, 20 So. 981; Stone v. Hale, 17 Ala. 562, 52 Am. Dec. 185; Burnell v. Morris, 106 Ala. 349, 18 So. 82; Johnson v. Crutcher, 48 Ala. 368; Trapp v. Moore, 21 Ala. 697. The map showing the boundary lines of lot 1 was notice to Hall of Letson's line. Moore v. Clay, 7 Ala. 742; Johnson v. Toulmin, 18 Ala. 50, 52 Am. Dec. 212; Phillips v. Costley, 40 Ala. 486.

J. A. Lusk, of Guntersville, for appellees.

Mistake must be pleaded with great particularity, and proof must be clear, exact and convincing. Parra v. Cooper, 213 Ala. 340, 104 So. 827; Camper v. Rice, 201 Ala. 579, 78 So. 923; Kelley v. Spencer, 213 Ala. 612, 105 So. 802; Moore v. Moore, 212 Ala. 685, 103 So. 892; Lipham v. Shamblee, 205 Ala. 498, 88 So. 569. A mistake of Morgan's agents and surveyors in the matter of survey and description on the map will not authorize reformation of the deed. Cudd v. Wood, 205 Ala. 682, 89 So. 52. Misstatement of area is not ground. Nelson v. Bridgeman, 152 La. 190, 92 So. 855. The party seeking reformation has the burden of proof. Traylor v. Clayton, 205 Ala. 284, 87 So. 521. The mistake must have been mutual. Goulding v. Blanchard, 178 Ala. 298, 59 So. 485; Kant v. A. B. & A., 189 Ala. 48, 66 So. 598.

THOMAS, J. The suit in ejectment was initiated in the law side of the court by Hall against Brumfield. The defendant filed a petition for the removal to the equity docket, and plaintiff's demurrer was directed thereto, challenging the sufficiency of the petition. We find no error in the removal of the cause to the equity docket of the circuit court.

To the bill filed in response to the decree of removal the said Hall demurred and answered. The questions of fact are: Complainant claims as purchaser of what is shown on plat exhibited of tract east of the road 50 feet, and west of the Martling road, to a line running east and west, as indicated on the plat, with figures above the line "437.-5" and beneath "West."

The defendant in equity Mr. Hall claimed to have purchased lot 2, and that the same extended to the east and west 20-foot roadway leading from the Martling 40-foot road to the 20-foot road bounding lot 1, said last-named road being east and northeast of lot 1.

Complainant offered in evidence a deed from W. D. Morgan and wife, of the date of October 31, 1922, to J. W. Letson to "that parcel of land containing 40 acres more or less, known as lot No. 1, according to the survey of Jerry Respess of W. D. Morgan's farm, in sections 34 and 35, township 8, range 4 east, beginning at a stone at the northeast corner of said lot where lot No. 1 joins lot No. 2 and running west 87 degrees and 30 minutes a distance of 1,800 feet to a stake, thence south 39 degrees and 35 minutes east 1,419 feet, thence east 1,220 feet to Martling road, thence along west margin on said road 548.5 feet, thence west 437.5 feet, thence north 610 feet to beginning point," filed for record on February 8, 1923. The deed to complainant, by Letson, of the date of January 8, 1924, was filed for record on January 31, 1924. Respondent Hall's deed from said Morgan and wife was of the date of January 22, 1923, filed for record on the same day, conveying lands described as follows:

"Beginning at a stone at the northwest corner of the south half of the northeast quarter of the southwest quarter of section 35, township 8 south, of range 4 east, thence south 3 degrees and 30 min. east, 1,375 feet to a stone on the west boundary of the east half of the southwest quarter of section 35. Thence east to center of Albertville and Martling road. Thence in a northeastward direction along the center of said road 808 feet to the northern boundary of the southeast quarter of the southwest quarter of said section 35. Thence east 635 feet to a stake. Thence north 3 degrees and 30 min. 665 feet to a stake. Thence west in a direct line 1,330 feet to the point of beginning as shown by a plat of said land made by Jerry

Respess, C. E. for the J. P. King Auction Company of W. D. Morgan farm, (incorrectly stated that it was in section 35 and 36) in section 34, township 8 south, of range 4 east. Mineral interest and mining privileges reserved. Said land lying and being situated in Marshall county, Ala."

[1] The Hall deed to the conflict is superior to the deed made by Morgan to Letson for the failure of record until after the deed from Morgan to Hall, conceding that the description in the plat be notice of the respective boundaries, the same having been pointed out to Hall. The county surveyor testified that the measurements contained in the deed from Morgan to Hall extended lot No. 2 of 27.2 acres south to the alley in question, and beyond and south of the east and west line marked "437.5 West."

The evidence of witnesses Swords, Daverson, Templeton, and the Halls was to the effect that the markers, alleged to have been pointed out by the parties on the ground, and conducting the sale, was the line in front of the Letson-Brumfield house on tract No. 1.

[2] A mistake in a deed must be pleaded with particularity, and, before relief will be granted, it must be shown by clear, exact, and satisfactory proof that the mistake exists and that the writing deviated from the intention and understanding of both parties at the time of the execution of the conveyance sought to be corrected. Camper v. Rice, 201 Ala. 579, 78 So. 923; Parra v. Cooper, 213 Ala. 341, 104 So. 827; Lipham v. Shamblee, 205 Ala. 498, 88 So. 569.

[3] And the party seeking reformation of the written instrument has the burden of proof to the end of the relief prayed. Traylor v. Clayton, 205 Ala. 284, 87 So. 521; Lipham v. Shamblee, supra.

[4] It follows from the foregoing that the mistake must be mutual, the proof thereof clear and satisfactory; that is, that in such matters the court proceeds with "the utmost caution" to the reformation of written instruments. Pollock v. Pope, 209 Ala. 195, 95 So. 894; Parra v. Cooper, supra; and the proof of a mutual mistake must be clear and conclusive and not upon mere probability or preponderance of evidence; and further to show the agreement the parties to the contract actually entered into. Wright v. Wright, 180 Ala. 343, 60 So. 931; Warren v. Crow, 198 Ala. 670, 73 So. 989; Parra v. Cooper, supra. This would not authorize reformation by reason of a mistake of only one party—sometimes called a unilateral mistake—to the instrument sought to be reformed. Kelley v. Spencer, 213 Ala. 612, 105 So. 802; Kant v. Atlanta, Birmingham & Atlantic R. R. Co., 189 Ala. 48, 66 So. 598; Parra v. Cooper, 213 Ala. 341, 104 So. 827.

[5] When the decree of the trial court is considered under the foregoing well-recognized rules in application to the evidence, we find no error. The testimony when referred to the plat failed to show that Hall understood that the boundary between him and Brumfield was, as complainant insists, north of the road or alley leading from his house to the north and south road in front of his house. At the time the respective parties purchased their lots, the testimony impresses us that the reasonable conclusion of fact was that the 20-foot road or alley was the boundary between lots 1 and 2.

It is not clearly and satisfactorily shown that before Hall received his deed, Brumfield, or his predecessor in title, Letson, was in possession under the unrecorded deed in question, or that Hall, when he got his deed, had notice of the boundary of lot 1.

The burden of proof was upon complainant, and we are of the opinion that the trial court correctly applied the law to the salient, material, and controlling facts of the case.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.