(122 So. 645)

**O'REAR v. O'REAR et al.** (6 Div. 383.)

Supreme Court of Alabama. May 30, 1929.

R. A. Cooner and M. B. McCollum, both of Jasper, for appellant.

Davis & Curtis and B. B. O'Rear, all of Jasper, for appellees.

FOSTER, J. The appeal is from a decree overruling demurrers to the bill as last amended. The demurrers are addressed to the bill as a whole and to the different aspects of it.

Rufus A. O'Rear, now deceased, was owner of land, subject to a mortgage. The mortgage had been foreclosed. The bill alleges:

That, while deceased was in the army, and while he still had the statutory right of redemption, he conveyed to appellant, his brother, first, the timber on the land, and then the land itself. That "said deed was executed either for the purpose of securing the J. D. O'Rear (who is appellant) in order that the said J. D. O'Rear advance money with which to redeem said lands from said W. J. Worthington (who was the purchaser under foreclosure sale) or said lands were conveyed to him in trust for said R. A. O'Rear, and was not intended to be in fee, but only as a security or a trustee." It is further alleged: That *thereafter* deceased executed to appellant a power of attorney to transact his business. That appellant, as said trustee under said deed, sold the timber, and collected rents, in an amount sufficient to reimburse him for the amount he had expended in redeeming the land. That upon the return of deceased from the army appellant turned over to him said lands with other lands and undertook to reconvey it all to him, but by mutual mistake 160 acres were erroneously described. That deceased took charge of it all, assessed it for taxes in his own name, as appellant had done while he held the title. That after the death of deceased he discovered the error and made claim to the land, and then assessed it to himself for the first time. The bill was filed by the executors of the will of deceased. His devisees or heirs are not made parties.

The prayer is that appellant be decreed a trustee for deceased, or as security for a debt, or that said deed was in fact a mortgage, and that the indebtedness has been paid; and, in the alternative, that a reformation of the deed from appellant to deceased be decreed so as correctly to describe the land intended to be conveyed.

The claim that the deed by deceased to appellant was executed to him as trustee is not supported by the terms of the deed set out as an exhibit to the original bill. We will therefore treat such allegation as equivalent to a statement that the alleged trust was by virtue of a parol agreement to that end. So considering it, the effect is a claim of a parol trust in land, in violation of the statute. Butts v. Cooper, 152 Ala. 375, 44 So. 616; Oden v. Lockwood, 136 Ala. 514, 33 So. 895; Section 6917, Code 1923 (then in effect); Willard v. Sturkie, 213 Ala. 609, 105 So. 800, citing many authorities, not necessary to repeat.

As a bill seeking to declare a resulting trust, it lacks necessary averments. It is necessary that deceased should have furnished the means for the redemption from Worthington. This may be in the form of a loan by appellant to deceased. In such event, the redemption conveyance by Worthington to appellant would constitute appellant a trustee, resulting from the payment by deceased, with funds advanced by appellant. Such resulting

trust, being in that event security for the debt, is treated in equity as in the nature of a mortgage. And if the deed by deceased to appellant is sufficiently alleged to have been executed as security for a loan of money contracted by deceased to be used in redeeming the land, the deed from deceased to appellant, and the deed to him by Worthington, would both together be taken as an equitable mortgage or a resulting trust having effect as a mortgage. Full consideration of these questions has recently been expressed in the cases of Moss v. Winston, 218 Ala. 364, 118 So. 739, and Pollak v. Millsap (Ala. Sup.) 122 So. 16.[1] The authorities and principles supporting the conclusion are fully set out in the opinion in those cases.

■ We think the bill is insufficient in this aspect because it does not allege with certainty the existence of a debt to secure which the title was taken in appellant. There must be alleged the existence, then contracted or theretofore existing, of a debt in its fullest sense, continuous and binding upon deceased; a debt which appellant could enforce, and to collect which he could foreclose the deed in equity as a mortgage in nature. Knaus v. Dreher, 84 Ala. 319, 320, 4 So. 287; Pollak v. Millsap, supra; Martin v. Martin, 123 Ala. 191, 26 So. 525.

But the bill does not sufficiently allege the existence or creation of such a debt, and therefore we think that aspect of the bill which seeks the enforcement of a resulting trust in the nature of a mortgage is subject to the demurrer addressed to it.

■ It is contended that the aspect of the bill seeking a reformation is defective because it is not sufficiently shown that there was a mutual mistake, and because of the claim that the conveyance was voluntary. It is certainly agreed by all that the bill must allege that the mistake was mutual. Sections 6825, 6960, et seq., Code; Bunfield v. Hall, 215 Ala. 515, 110 So. 898; Kelley v. Spencer, 213 Ala. 612, 105 So. 802; Parra v. Cooper, 213 Ala. 340, 104 So. 827; Kant v. Atlanta, B. & A. R. Co., 189 Ala. 48, 66 So. 598.

We think that the bill complies with this requirement, and is not subject to demurrer for insufficient allegation of mutuality of mistake in the description of the land conveyed.

■ It may be true also that, when there is no consideration, good or valuable, for a conveyance, but if it is purely voluntary, a court of equity will not reform it. Christian Church v. Camp, 185 Ala. 80, 64 So. 9. But it is also held that, if the consideration expressed be *good* or *valuable*, the court will reform the deed upon a proper showing. Stover v. Hill, 208 Ala. 575, 94 So. 826; 23 R. C. L. 344, 345. In this case the deed recites $1 and other valuable considerations. This is quite sufficient as the recital of a valuable consideration. Though the recital of a nominal consideration is held to make the conveyance voluntary as to creditors (Gunn v. Hardy, 130 Ala. 642, 31 So. 443), it is not so regarded as between the parties. As between them, neither party may show that there was no valuable consideration (if it recites one) as that would change its effect. Davis v. Anderson (Ala. Sup.) 119 So. 670;[2] Bethea v. McCullough, 195 Ala. 480, 70 So. 680; Shows v. Steiner, Lobman & Frank, 175 Ala. 363, 57 So. 700. The deed here in question, in addition to the $1, names "other valuable considerations." This makes the situation even more favorable for appellee. 26 R. C. L. 345.

■■ However, we find that there is a legal situation not directly pointed out in demurrer nor in argument, which, for the further progress of the case, should be treated. The bill relates to the title to real estate. A reformation affects title, and the executors, as such, are not vested with the title of the testator. This court has held that, for this reason, the heirs of decedent must be parties to a bill for the foreclosure of a mortgage, and without them such relief will not be granted. The court will take note of this situation ex mero motu. Carwile v. Crump, 165 Ala. 206, 51 So. 744.

This rule in other jurisdictions has, we think properly, been extended to a proceeding in equity for reformation. 23 R. C. L. p. 359; Smith v. Hunter, 241 Ill. 514, 89 N. E. 686, 132 Am. St. Rep. 231; Haussman v. Burnham, 59 Conn. 117, 22 A. 1065, 21 Am. St. Rep. 74. But it does not apply to a bill for redemption. Griffith v. Rudisill, 141 Ala. 200, 37 So. 83.

Without having as parties either the devisees or heirs, as the case may be, the bill, in its aspect which seeks a reformation, is for this reason subject to the ground of demurrer assailing its equity.

For the reasons which we have stated, we feel that the decree of the circuit court was erroneous as to each aspect of the bill, and demurrer should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

---

[1] Ante, p. 273.

[2] 218 Ala. 557.