144 So. 569

### WEBB et al. v. SPROTT.
### 2 Div. 17.

Supreme Court of Alabama.
Nov. 25, 1932.

J. C. Locke and Clifton C. Johnston, both of Marion, for appellants.

Arthur W. Stewart, of Marion, for appellee.

**KNIGHT, J.**

Bill by Luther B. Sprott, as executor of the last will and testament of J. M. Sprott, deceased, against John Webb and others for reformation and foreclosure of a mortgage, executed by Ella B. Alexander and husband to J. M. Sprott, deceased. This mortgage was executed on April 15, 1930, and was filed for record on the 24th day of same month and year. The mortgagee died on the 18th day of April, 1931, and the appellee was thereafter, and before the filing of the bill in this cause, duly appointed executor of his last will and testament. A copy of the letters testamentary are attached to the bill as amended, and, by reference thereto, are made a part of the bill. The bill does not aver in terms that the said J. M. Sprott died testate or intestate, and the fact that he died testate is only made to appear by reference to the letters testamentary issued to appellee by the probate court of Perry county, Ala. Of course, the bill erroneously styles the complainant as executor of the "estate of J. M. Sprott, deceased," his proper designation being executor of the last will and testament of said J. M. Sprott, deceased.

After the execution of the mortgage by the Alexanders to said Sprott, W. B. Alexander, the husband of said Ella B. Alexander, died. The lands conveyed by the mortgage to Sprott were the property of the wife. This mortgage was given to secure the payment of a loan of $3,000 made by Sprott, the mortgagee, to Mrs. Alexander. The principal of this indebtedness was evidenced by six promissory notes, and six interest notes were also executed. These notes, principal and interest, were executed by Mrs. Alexander and her husband, the first principal and interest notes matured on April 15, 1931, and one principal note, together with an interest note, matured on the 15th day of April in each year thereafter.

The mortgage conveyed to Sprott three hundred acres of land, all being in section 5, township 18, range 9, except eighty acres thereof which were described as lying in section 6, township 19, range 9. All located in Perry county.

After the execution and delivery of this mortgage, Mrs. Alexander, her husband being then dead, sold and conveyed the lands to John and Mary Webb, but in the conveyance to the Webbs the lands were described as set out in the mortgage to Sprott, except the eighty acres, above mentioned, were described as being in township 18, instead of in township 19. As a part of the consideration of the conveyance to the Webbs, the Webbs assumed and agreed to pay according to its terms a mortgage made by said Alexanders to said Sprott. For the balance of the purchase price of the lands, the Webbs made and delivered a mortgage to Mrs. Alexander on the lands conveyed by her to them.

Default was made in the payment of the principal note falling due to Sprott on April 15, 1931, and under the acceleration clause of the mortgage, Sprott, the mortgagee being dead, the appellee, as his executor, declared the entire debt due and payable at once, and filed this bill to reform the mortgage, so as to make it include and to convey the eighty acres described as the east half of southeast quarter of section 6, township 18, range 9, instead of the east half of southeast quarter of section 6, township 19, range 9, in Perry county, alleging that the said Ella B. Alexander and husband, W. B. Alexander, did by inadvertence or mistake in their said mortgage describe part of the lands as being in township 19, when all of said lands should have been described as being in township 18; and as reformed, to foreclose said mortgage. It is averred that the lands were the property of Mrs. Alexander, not of her husband, and that the complainant does not seek any deficiency judgment against the estate of W. B. Alexander, deceased. Neither the

heirs of said W. B. Alexander nor his personal representative are made parties to the bill.

Numerous grounds of demurrer were assigned by the Webbs and by Mrs. Alexander to the bill as last amended. The court overruled the demurrers, and the present appeal is prosecuted from that decretal order.

■ It is first insisted that the will of J. M. Sprott, the deceased mortgagee, should have been pleaded or exhibited, and that it had been admitted to probate and record. The bill shows that the appellee is the executor of the last will and testament of said J. M. Sprott, deceased, and that it is filed by him in his representative capacity. Attached to and made a part of the amended bill, marked "Exhibit A–1," are the letters testamentary issued to the appellee. The bill, and its exhibits, constitute the complaint, and demurrers directed thereto will be so referred, and tested. The exhibits attached to the bill, being regarded as a part of the bill, aid and supplement the same. Grimsley v. First Ave. Coal & Lbr. Co., 217 Ala. 159, 115 So. 90; Hogan v. Scott, 186 Ala. 310, 65 So. 209; Clements v. Clements, 200 Ala. 529, 76 So. 855; Pool v. Menefee, 205 Ala. 531, 88 So. 654; Piedmont Land Imp. Co. v. Piedmont Foundry & Mach. Co., 96 Ala. 389, 11 So. 332; Conoly v. Harrell, 182 Ala. 243, 62 So. 511; Minter v. Branch Bank at Mobile, 23 Ala. 762, 58 Am. Dec. 315. The bill as amended sufficiently shows that the appellee is the executor of the last will and testament of the said J. M. Sprott, notwithstanding the very loose averment that he was the executor of the estate of J. M. Sprott. There is, of course, no such representative as *executor of the estate of a decedent.* It was and is a misnomer, but the bill as amended, with the exhibit thereto, and made a part of the same, corrects this misnomer.

■ Was it necessary that the will should be pleaded or exhibited, as is insisted upon by the demurrants, and as pointed out by their demurrer? The probate court of this state being one of general jurisdiction in the grant of letters of administration, all intendments are indulged in favor of the validity of the appointment of administrators and executors. Unless the record discloses a want of jurisdiction, the presumption will be indulged that the court ascertained all the facts essential to the appointment, before making the appointment, of an administrator or executor. In such case the order granting letters cannot be collaterally assailed. Tubbs v. Barnard (Ala. Sup.) 143 So. 448; [1] Breeding v. Breeding, 128 Ala. 412, 30 So. 881; Burke v. Mutch, 66 Ala. 568; Ikelheimer v. Chapman's Adm'rs, 32 Ala. 676; Barclift v. Treece, 77 Ala. 528; Gray's Adm'rs v. Cruise, 36 Ala.

559; Wolffe v. Eberlein, 74 Ala. 99, 49 Am. Rep. 809.

We are therefore of the opinion that it was unnecessary to plead the will or to make it an exhibit to the bill. The complainant as executor could file and maintain the bill in his representative capacity. There is, therefore, no merit in those grounds of demurrer which challenge the sufficiency of the bill for failing to plead the will or to make it an exhibit, or to allege, in terms, that the will had been proved.

■ It is also earnestly argued that the executor was without authority to declare the entire debt due and payable upon default being made in the payment of one of the principal notes. The mortgage expressly stipulated that if the mortgagors "fail to pay and discharge said debts and liabilities as the same accrue and mature, or to keep and perform any agreements and covenants herein contained, or to make any other default in the premises, the said party of the second part, his *agent, attorney, heirs or assigns* are hereby authorized and empowered to declare the entire debt and liabilities due and foreclose for the payment of the same." It is insisted that the authority to declare the entire debt due on failure to pay an installment is specifically given in the mortgage to J. M. Sprott, the mortgagee, his agent, attorney, heirs, or assigns, and that the executor does not come within any of these classifications, and cannot therefore exercise the authority. There is no merit in this ground of demurrer. The law vests in the personal representative all the rights of the deceased mortgagee under the mortgage. In law, the administrator or executor becomes by his appointment assignee of all the choses belonging to the deceased, and he can sue to recover them as such, as the owner. His powers, in collecting the debts constituting the assets of the estate, are just as broad as those of the deceased. The mortgage, with all the rights arising out of it, passes to the administrator, with the debt it was intending to secure. Lewis et al., Executors, v. Wells, 50 Ala. 198; Code, § 9010. The court properly overruled the demurrer which challenged the right of the executor to declare the entire debt due and payable, and to proceed to foreclosure of the mortgage to enforce payment of the entire debt.

■ Inasmuch as the lands conveyed by the mortgage, as well as the eighty acres which the bill in one of its aspects seeks to have included among those actually conveyed, all belonged to the wife, Mrs. Ella B. Alexander, and no part of the same were the property of the husband, and the complainant in his bill has expressly renounced his right to insist upon any deficiency judgment against the estate of the deceased husband, neither the heirs nor the personal representative of

---

[1] Ante, p. 435.

the said W. B: Alexander, deceased, are necessary parties to the bill, no relief is sought against them, or against the estate of said W. B. Alexander, and the holders of the legal title are before the court. Burns v. Austin (Ala. Sup.) 143 So. 824; [2] Inge v. Boardman, 2 Ala. 331; Eslava v. New York Nat. Bldg. & Loan Ass'n, 121 Ala. 480, 25 So. 1013; Shelton et al. v. Timmons, 189 Ala. 289, 66 So. 9; Carwile et al. v. Crump et al., 165 Ala. 206, 51 So. 744. The demurrers presenting the question of nonjoinder of the personal representative, and heirs of said W. B. Alexander, deceased, were therefore properly overruled.

■ This brings us down to the question: Was the bill subject to demurrer for failing to aver that a demand had been made for correction of the description of the lands· in the deed before the bill was filed? The bill is one for reformation, as well as foreclosure. The mortgage conveyed lands correctly described. The bill rests on an independent equity—to foreclose the mortgage—and this being true, it is not necessary to allege a prior request for the correction of the mistake. Miller v. Louisville & N. R. Co., 83 Ala. 274, 4 So. 842, 3 Am. St. Rep. 722; Robbins v. Battle House Co., 74 Ala. 503. Possibly the failure to make request for correction, in some cases, may lead to imposition of cost on the party seeking reformation by court action. Crawford et al. v. Chattanooga Savings Bank, 201 Ala. 282, 78 So. 58.

■ It is next insisted that the averments of the bill are insufficient to invoke the jurisdiction of the court to reform the mortgage executed to appellee's testator. Much has been written by this as well as other courts upon the subject of reformation of deeds and mortgages, and there is but little of conflict in the holdings of the various courts of the Union as to what is necessary, by way of averment and proof, to authorize a court of equity to reform conveyances, when no element of fraud is involved. The rule seems to be everywhere recognized that it requires very great particularity of averment, and very clear proof, to authorize reformation of a written contract. Dexter v. Ohlander, 95 Ala. 467, 10 So. 527; Campbell v. Hatchett, 55 Ala. 548; Turner v. Kelly, 70 Ala. 85; Camper v. Rice, 201 Ala. 579, 78 So. 923; Brumfield v. Hall et al., 215 Ala. 515, 110 So. 898; Parra v. Cooper, 213 Ala. 341, 104 So. 827; Lipham v. Shamblee, 205 Ala. 498, 88 So. 569.

■■ The bill for reformation must not only aver that a mistake was made in the instrument as executed and delivered, but it must also be made to appear that there was a mutuality of mistake, for, in the absence of fraud or inequitable conduct, a unilateral mistake will not furnish ground for a reformation. It has been broadly stated that great particularity of averment is required to authorize the reformation of a written contract for mutual mistake, and a distinctly accurate allegation concerning the mutual mistake of the parties for the reformation of a deed, and that the mutual mistake, or circumstances from which it can be readily inferred, should be alleged with precision and clearness; otherwise the bill be subject to demurrer. 53 Corpus Juris, p. 1017, § 175, and authorities cited in note thereunder.

■ So far as the bill seeks reformation of the mortgage, we are of the opinion that its averments are far too meager to authorize this particular relief. No fraud or inequitable conduct is averred. The mortgagee accepted the mortgage as written, and up until his death, which occurred more than a year after the mortgage was executed and delivered, no suggestion was made by him of any mistake having been made as to the inclusion of eighty acres of land lying in township 19, described as the east half of southeast quarter of section 6, township 19, range 9, instead of the inclusion of the east half of southeast quarter of section 6, township 18, range 9. For aught appearing the mortgagor, Mrs. Alexander owned the east half of southeast quarter of section 6, township 19, range 9, and the mortgagee accepted this mortgage as entirely satisfactory to him. And for aught appearing to the contrary in the bill, the mortgage, as finally executed and delivered, "afforded," or was deemed to afford, ample security. It is said in the case of Crawford v. Chattanooga Savings Bank, 201 Ala. 282, 78 So. 58, 61: "Proceeding to reform, in the absence of fraud or inequitable conduct tantamount to fraud, the court can only make the instrument express what was intended and agreed upon by both parties." 1 Jones on Mortgages, § 97.

If this feature of the bill is to be insisted upon, let the bill be amended to meet the requirements of good pleading, as above pointed out. As cast, in this respect, the bill is subject to the demurrer directed thereto.

While the bill has an equity independent of reformation, it is single in its purpose to reform the description in the mortgage and to foreclose it. Therefore the demurrer pointing out its insufficiency for reformation goes to the bill as a whole. A decree will be here rendered sustaining the demurrer, and remanding the cause.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

---

[2] Ante, p. 421.