## AMBERSON et al. v. PATTERSON et al.

### 7 Div. 199.

Supreme Court of Alabama.

Oct. 12, 1933.

Merrill, Jones, Whiteside & Allen, of Anniston, for appellants.

Motley & Motley, of Gadsden, for appellees.

THOMAS, Justice.

The suit was originally for recovery of a tract of land described. There was demand by defendants for a jury trial and interrogatories to plaintiff calling for abstract and source of title, and answer thereto.

Thereupon there was a petition to transfer the case to the equity side of the court, and order of and due transfer, for that an equitable right was presented for decision that could not "be disposed of in the law side of the court." Section 6490, Code.

The original bill filed in equity by the defendants, James Amberson et al., asserted that respondent (appellant) James Amberson is in possession of the lands under a warranty deed of date of September 10, 1930, made by P. W. and J. E. Roberts, and duly recorded; that he is claiming title and possession through his said grantors; that Amberson alone claims the lands and the other defendants are merely his tenants.

The complainants are the heirs at law of B. W. and R. S. Goins, who are deceased, claiming title and right of possession by reason of descent and distribution from the said Goinses; that Amberson claims the title and possession by reason of two mortgages given by the said Goinses to the Robertses. It is averred that in making these mortgages "a mistake in the description of the lands sought to be mortgaged" was made, and the lands were incorrectly described. The mortgages are made exhibits to the bill with usual leave of reference.

It is averred that it was the full intent and purpose of B. W. Goins and wife "to mortgage their home place," and that said mortgages were properly acknowledged before a lawful officer; that said grantors recognized the validity of said mortgages, removed from the lands and surrendered possession to the Robertses, the mortgagees; that none of the indebtedness was ever paid by the mortgagors "nor any of their heirs nor any one whatsoever."

A correct description is set out to the land, and it is further averred that the mistake "was unintentional and does not in any manner whatsoever render said mortgages invalid, and they seek in this case to full and complete equity," and pray for reformation and correction of said mortgages, the ascertainment of the indebtedness due under the mortgages, together with all interest and lawful charges, and the direction of a sale of the lands under the mortgages and the making of proper deeds to the purchaser.

The answer admits that Myrtle Patterson et al. claim title and right of possession through their ancestors, B. W. Goins and wife, but complainants deny that their father and mother ever made any mortgages to the said Robertses to the lands; deny that it was the "full intent and purpose of the said B. W. Goins and wife to mortgage the land set forth in the bill;" deny that any mortgage was ever given, that the parties "refused to give any mortgage on the same"—the lands in question—"their home place"; deny that they acknowledged the same before "any lawful officer"; deny that B. W. Goins and wife during their lifetime recognized the validity of said mortgages, or that they removed therefrom or surrendered possession to the Robertses. The existence of the mortgages is denied, and likewise "that they did not make any contention whatsoever other than the fact that said mortgages were on the land in controversy."

Under section 6565 of the Code, in equity cases it is unnecessary that incompetent testimony be objected to, and on the consideration of an equity case the court shall consider only such testimony as is relevant, material, and competent, and shall exclude and not consider any testimony which is irrelevant, immaterial, or incompetent, whether objection shall have been made thereto or not, and on appeal this court shall "consider only the testimony which is relevant, material and competent," and it is not required that either court point out or indicate what testimony should be excluded or not considered. If a party to the suit brings out on cross-examination incompetent evidence, which is relevant and material, and not objected to, the court will accept and consider that evidence. Hill v. Hill, 216 Ala. 435, 113 So. 306; Louisiana State Life Insurance Company v. Phillips, 223 Ala. 5, 135 So. 841; Cotton v. Cotton, 213 Ala. 336, 104 So. 650. Recent applications and observations of this statute are contained in Burkett v. Newell, 212 Ala. 183, 101 So. 836; Alabama Bank & Trust Company v. Jones, 213 Ala. 398, 104 So. 785; Moore v. Moore, 212 Ala. 685, 103 So. 892; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; White v. White, 225 Ala. 155, 142 So. 524; Wilder v. Reed, 216 Ala. 29, 112 So. 312.

This case rests upon the right of reformation of a written instrument, and the burden of proof is upon him who asserts and seeks to enforce that right by equitable action to the end of relief prayed. Brumfield v. Hall, 215 Ala. 515, 517, 110 So. 898; Traylor v. Clayton, 205 Ala. 284, 87 So. 521; Lipham v. Shamblee, 205 Ala. 498, 88 So. 569. It requires great particularity of averment in such a case as to mutual mistake of fact, and clear and convincing evidence of such mutual mistake, to authorize the reformation. Parra v. Cooper, 213 Ala. 340, 104 So. 827; Cudd v. Wood, 205 Ala. 682, 89 So. 52; Bennett v. Brown, 219 Ala. 414, 122 So. 414; O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645; Waller v. Mastin, 220 Ala. 479, 125 So. 806; West End Sav. Bank v. Goodwin, 223 Ala. 185, 135 So. 161; National Union Fire Ins. Co. v. Lassetter, 224 Ala. 649, 141 So. 645; McKleroy v. Dishman, 225 Ala. 131, 142 So. 41; Webb v. Sprott, 225 Ala. 600, 144 So. 569.

The proof is in irreconcilable conflict as to the signatures of the grantors in the mortgages, and, because of this fact, with the other evidence for and against the fact of mutual mistake, we agree with the trial court, in unwillingness to grant the relief prayed. In Lipham v. Shamblee, 205 Ala. 498, 500, 88 So. 569, the court observed that the original paper had been examined and considered in the light of the testimony in which there was material conflict, and in the mind of the court.

there existed doubt and confusion upon the issue of the intent and acts of the parties. So here we are unwilling, after the death of the mortgagors, or alleged mortgagors, to grant the reformation and relief sought. They had ample opportunity from the date of the purported foreclosure to the time of Goins' death to have had or moved for correction of governmental description, and that of the county before the death of the alleged grantors.

We are of the opinion that the decree rendered was that warranted by the evidence.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.