157 So. 870

## HILL et al. v. LOLLAR.
### 6 Div. 477.

Supreme Court of Alabama.
March 8, 1934.

Rehearing Granted Dec. 6, 1934.

Wilson Kelley, of Vernon, and Weil, Stakely & Cater, of Montgomery, for appellants.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

R. G. Redden, of Vernon, for appellee.

BOULDIN, Justice.

The bill was filed by appellee, T. S. Lollar, to enjoin interference with an alleged easement or servitude, namely, the right to tap an artesian or overflowing well situated on the residence lot of appellant Mrs. Matilea Hill and draw water therefrom through a ¾ inch underground pipe to Lollar's adjoining lot for domestic use.

The bill claims such water right solely by virtue of a contract in writing executed by R. G. Redden and wife on October 5, 1926, set out in the bill, and which was duly recorded.

It is alleged said R. G. Redden and wife then owned the lot where the well was located in fee; that the written grant of a water right was for a valuable consideration; that complainant installed the pipe and enjoyed the water service until March, 1933, when the pipe gave way, complainant sent workmen to restore the connection, and Mrs. Hill, then in possession of the well lot, declined to permit same and so deprives Lollar of his water supply.

The answer alleges that at the time of the execution of the contract for water service, the lot on which the well was located was subject to a mortgage of record, executed by R. G. Redden and wife to E. S. Jones; that thereafter such mortgage, being in default, was duly foreclosed under power of sale, purchased by respondent, Mrs. Hill, who received a foreclosure deed and entered into possession; that she thereby succeeded to all the rights of the mortgagee, and the grant of the water right by the mortgagor was invalid as against her.

The evidence, without dispute, sustains the allegations of the answer.

It is not to be questioned that any conveyance of such easement by a mortgagor is ineffectual as against the prior mortgagee and a purchaser at foreclosure sale.

Without any amendment of the pleadings, complainant took testimony and submitted thereon, to the following effect: E. S. Jones had two mortgages, both executed by R. G. Redden and wife, one on the Hill lot, and one on the Lollar lot. Lollar purchased his lot from Redden. At the same time, and as an inducement to the purchase, Redden executed the contract for water supply set up in the bill; that Jones, the mortgagee, participated in the transaction, verbally consented to the servitude or easement for water supply appurtenant to the Lollar lot, and the purchase money was paid to Jones in satisfaction of his mortgage on the Lollar lot. Mrs. Hill, the respondent, submitted evidence of want of notice at the time of her purchase of any agreement on the part of the mortgagee subjecting her lot to such servitude.

Thus, in the proof, was raised an issue wholly outside the pleadings. Lollar claims that by parol grant, in the nature of a partial release of the mortgage on the Hill lot, he acquired from the mortgagee, as well as the mortgagor, servitude on the Hill lot; that he paid a valuable consideration therefor, the purchase money paid by him being for the lot purchased by him and the water right appurtenant thereto; that he went into possession, and so acquired an equity against both mortgagor and mortgagee prior to foreclosure which should be protected in equity. Mrs. Hill claims as a bona fide purchaser without notice as against any parol grant by the mortgagee; that the enjoyment of water service through an underground pipe involving no visible possession was not notice to her, etc.

The final decree discloses the trial court based his finding in part on the parol agreement on the part of the mortgagee.

On further consideration we are of opinion this entire question is without the issues made by the pleadings; that all the testimony of participation by the mortgagee in the grant of a water right, or of want of notice to the purchaser at foreclosure sale, was irrelevant.

446

Our statute now requires the trial court in equity proceedings to disregard all irrelevant evidence, and consider only testimony relevant to the issue presented in bill and answer; and this court is governed by like rule on appeal. Code, § 6565; Mason et al. v. Calhoun et al., 213 Ala. 491, 105 So. 643; Amberson et al. v. Patterson et al., 227 Ala. 397, 150 So. 353.

Whether Lollar acquired an easement or servitude on the Hill lot good in equity as against both mortgagor and mortgagee; and whether a purchaser at foreclosure sale takes a better title in equity than that held by the mortgagor and the mortgagee at time of foreclosure, or, otherwise stated, is entitled to protection as a bona fide purchaser without notice; and whether, under the facts of the case, Lollar has a superior equity, which should be recognized and protected, are questions not presented in the bill and answer as now framed.

The relevant evidence alone considered, complainant was not entitled to relief.

The original opinion is withdrawn, the application for rehearing is granted, and the decree of the court below is reversed and the cause remanded.

Application for rehearing granted.

Reversed and remanded.

All the Justices concur.