# Kant v. Atlanta, Birmingham & Atlantic R. R. Company.

### Bill to Annul or Reform Deed.

#### (Decided November 7, 1914. 66 South. 598.)

1. *Equity; Pleading; Multifariousness.*—Under section 3095, Code 1907, the bill in this case, to annul or reform a deed, is not multifarious although it seeks inconsistent, alternative relief.

2. *Reformation of Instrument; Unilateral Mistake; Description.*— Reformation of instruments is not authorized because of a mistake or misunderstanding of one party to the transaction, called a unilateral mistake.

3. *Same; Pleading.*—Where a bill seeking reformation of an instrument expressly avers a mistake only on the part of complainant, the courts will not infer, in order to uphold the bill as against demurrer, that the bill intended to allege a mutual mistake.

4. *Cancellation of Instrument; Proceedings; Condition Precedent.*— The offer to restore the status quo on discovery of the fraud, or within a reasonable time, is a condition precedent to the right to sue for the cancellation of a deed given for a valuable consideration paid, because of fraud.

5. *Same; Railroads; Erection of Depot.*—The fact that the railroad company failed to erect a depot pursuant to the provisions of the deed that the land conveyed should be used by the railroad for a depot was not ground for a cancellation of the deed, where there was no provision in the deed for a reversion of the land on the failure to erect a depot, although the deed also provided for a reversion of the land after the erection of the depot and failure of the railroad grantee to use the same for railroad purposes.

APPEAL from Talladega City Court.

Heard before Hon. CECIL BROWNE.

Bill by W. B. Kant against the Atlanta, Birmingham & Atlantic Railroad Company to annul a deed or to reform the description thereof. Decree for respondent, and complainant appeals. Affirmed.

The bill alleges the conveyance by Kant and wife to the Atlanta, Birmingham & Atlantic Railroad Company of 2.6 acres of land, the deed to which is recorded in the probate office of Talladega county, a substantial copy of which is set out. It is then alleged that

[Kant v. Atlanta, Birmingham & Atlantic R. R. Company.]

the description of said deed is wrong, and that the description should be as set out in the bill, and that the description contained in the bill was the land he agreed to sell and convey, and the only land that he thought he was conveying to said railroad company, and that orator did not know at the time he executed the said deed that he was conveying other and different land to said railroad company by said deed. It is averred that orator is not a civil engineer, and had only a limited education, and was not familiar with surveying and land lines, but that the receivers of said railroad who had the transaction with orator had an expert civil engineer by the name of Gansby to survey, or claimed to orator that he had made a survey, and that he had described the same in the said deed which was prepared for your orator to sign, and that it was made in accordance with the agreement between orator and receiver, wherein orator agreed to sell said railroad company said lot of land. The details of the representations made by said Gansby are set forth, and it is charged that the lands conveyed and described in said deed, as the same is described therein, does not include the land which orator thought and believed and agreed that he would convey to said railroad company, and that the land really conveyed is of a great deal more value relatively than the lands which he agreed and thought he was conveying. It is further alleged that, in addition to the above, as a part of the consideration of the deed, the railroad company agreed to erect a depot on said lot within a reasonable time; that a reasonable time has elapsed since the execution of the deed within which to erect a depot, but no depot has been erected, nor, so far as orator is informed, has any steps been taken towards the erection of said depot.

[Kant v. Atlanta, Birmingham & Atlantic R. R. Company.]

RIDDLE & BURT, for appellant.

HARRISON & WELCH, for appellee.

ANDERSON, C. J.—While the bill of complaint in the case at bar seeks inconsistent, alternative relief, it was not multifarious under the statute (section 3095 of the Code of 1907), and was not subject to respondent's demurrer upon this ground. The relief sought was founded upon the same contract or transaction and related to the same property between the same parties.—*Durr v. Hanover Bank,* 170 Ala. 260, 53 South. 1012; *Skains v. Barnes,* 168 Ala. 426, 53 South. 268; *Bellevue Cem. Co. v. McEvers,* 168 Ala. 535, 53 South. 272.

A mistake or misunderstanding of one party to a transaction, sometimes styled a "unilateral mistake," will not authorized the reformation of a written instrument; since, in order to reform a contract, it must appear that the parties mutually intended something different from that expressed.—*Folmar v. Lehman-Durr Co.,* 147 Ala. 472, 31 South. 750; *Clark v. Hart,* 57 Ala. 390. A unilateral mistake is not a ground for reformation.—34 Cyc. 915. While the bill avers a mistake upon the part of the complainant, it does not expressly charge a mistake on the part of the respondent or its agents or servants. It may be that it does so inferentially, but inferences will not be indulged in by the court in order to uphold pleading in law or equity as against an appropriate ground of demurrer.

While the charge of fraud or misrepresentation as to the land described in the deed by the engineer "Gansby" could have been more positive or specific, yet it may be conceded that it was sufficient.—*Johnson v. Cook,* 73 Ala. 537. Still the bill was deficient under

[Kant v. Atlanta, Birmingham & Atlantic R. R. Company.]

this theory of the case for failure to aver a restoration of the status quo upon a discovery of the fraud or within a reasonable time thereafter, as the deed, as made an exhibit to the bill, does not show that the consideration was nominal, or that the erection of the depot was the sole consideration for same. It recites a valuable consideration of money paid and which may have been the full value of the land.

The deed does not make the erection of the depot a condition to the vesting of the title in the respondent railroad. Nor does it provide for a reversion of the land upon a failure to erect the depot within a reasonable time. It provides for a reversion only after the erection of the depot and the respondent ceases to use the land for railroad purposes. The deed also provides that the land was to be used "for a depot and side track and other necessary uses for the railroad." The agreement to erect the depot not being a condition precedent to the vesting of the title nor a condition subsequent for the reinvestment of the title in the complainant in case of failure to erect within a reasonable time, the failure to so erect could not operate as a ground for the cancellation of the deed; as the obligation to do so must be treated as no more than a covenant.— *Chicago, T. & M. C. R. R. v. Titterington,* 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39, and note.

The decree of the city court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.