115 So.2d 470

AMERICAN LIBERTY INSURANCE COMPANY OF BIRMINGHAM, Ala.,

v.

Howard Ensign LEONARD, Jr., et al.

1 Div. 831.

Supreme Court of Alabama.

Nov. 5, 1959.

McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellant.

Jos. M. Powers, Mobile, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of the American Liberty Insurance Company of Birmingham, Alabama, to the bill of complaint as last amended, instituted by Howard Ensign Leonard, Jr. and Peggy E. Leonard. The purpose of the bill is to secure a revision or reformation of a policy of fire insurance and extended coverage No. 95976 by striking therefrom the dwelling and contents rider No. 252–A2 which was attached to the policy as issued and substituting in lieu thereof dwelling and contents rider No. 248–A2. The pertinent allegations of the bill are set out in the report of the case.

I. According to the allegations of the bill of complaint, as last amended, a revision or reformation of policy No. 95976 is sought by striking therefrom dwelling and contents rider No. 252–A2 and substituting in lieu thereof dwelling and contents rider No. 248–A2. The two riders are attached to the bill of complaint as last amended. They are both long and to a degree at least complicated. Counsel in briefs do not specify the difference in coverage of the two riders, but appear to agree that form 252–A2 which was attached to the policy when it was issued, contains a more restricted coverage. From our examination of the two riders we would say that the policy with form 252–A2 attached is a policy insuring against named perils which are fire and extended coverage. Extended coverage, according to the rider, includes perils of windstorm, hail, explosion, riot, riot attending a strike, civil commotion, aircraft, vehicles, smoke, with certain exceptions.

Rider form 248–A2 appears to cover everything included in rider 252–A2 plus at least two additional coverages, (1) repair and replacement of damaged portions or parts of the house without taking depreciation into consideration, if the insurance is equal to 80 percent of the value, (2) trees, shrubs, plants or lawns to a certain extent. For the purposes of this decision we shall assume that rider 248–A2 contains coverages greater than form 252–A2.

Briefly stated the allegations of the bill of complaint, as last amended, show that the appellant issued its fire and extended coverage insurance policy to the appellees. The appellant did not intend to issue the type policy which was issued but intended to issue another policy. The policy is subject to reformation because of mutual mistake. This mutual mistake consisted in the erroneous issuance of the policy. The appellant issued the wrong policy. The appellant failed to inform the appellees of the type of coverage being given them. The appellees mistakenly accepted the policy thinking that they had gotten the same adequate coverage as others similarly situated.

■ Section 59, Title 9, Code of 1940, provides, as follows:

"When, through· fraud, or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised by a court of equity on the application of the party aggrieved, so as to express that intention, so far as it can be done without prejudice to the rights acquired by third persons, in good faith and for value."

This statute is merely declaratory of the established principle applicable to the reformation of instruments. American-Traders' Nat. Bank v. Henderson, 222 Ala. 426, 133 So. 36. A counterpart to the foregoing statute is found in § 136, Title 47, Code of 1940, wherein the words "deed, mortgage, or other conveyance" are substituted in place of the words "written contract."

Accordingly cases involving revision or reformation of a "deed, mortgage, or other conveyance" are just as applicable to a situation such as the instant one which involves the reformation or revision of a written contract of insurance. The terms of the statute are plain and unambiguous and give the equity court power to reform or revise a written contract only when the requirements of the statute have been met. The statute requires either a mutual mistake of both parties or a fraud on the part of one of the parties or a unilateral mistake of one party which the other party at the time knew or suspected. In addition to these alternative grounds for equitable relief, there is the requirement that as a result of one of the alternative circumstances the written contract "does not truly express the intention of the parties."

Upon a careful consideration of the allegations of the bill of complaint, as last amended, it is our judgment that none of the requirements of the statute for the granting of a reformation or revision of the policy have been met.

Assuming that certain mistakes are set out in the allegations, we think it is obvious that they are merely a series of unilateral mistakes on the part of the appellant with possibly one unilateral mistake of the appellees, none of which are mutual.

In Burgin v. Sugg, 204 Ala. 270, 85 So. 533, 534, this court in reversing the lower court for overruling a demurrer to a bill of complaint seeking reformation of a written contract stated:

"Construing the first averment of the bill on the subject most strongly against the pleader, the mistake or inadvertence averred may have been the mistake or inadvertence of one only of the parties to the contract—may have been unilateral. True, a later averment is that 'it was the purpose and intent of the parties,' etc., as shown by the quotation first above, but it still does not appear that the bill complies with that strict rule of pleading which, where reformation is sought, requires a very great degree of particularity of averment in every respect * * * It is necessary to aver facts showing how the mistake was made, whose mistake it was, and what brought it about, so that the mutuality may appear. * * *."

In Kant v. Atlanta, Birmingham & Atlantic R. Co., 189 Ala. 48, 66 So. 598, 599, this court in affirming a decree for the respondent said:

"A unilateral mistake is not a ground for reformation. * * * While the bill avers a mistake upon the part of the complainant, it does not expressly charge a mistake on the part of the respondent * * * It may be that it does so inferentially, but inferences will not be indulged in by the court in order to uphold pleading in law or equity as against an appropriate ground of demurrer."

■ It should be noted that reformation or revision because of a unilateral

mistake is authorized only when there is fraud or inequitable conduct on the part of the other party to the contract. In Webb v. Sprott, 225 Ala. 600, 144 So. 569, 572, this court said:

"The bill for reformation must not only aver that a mistake was made in the instrument as executed and delivered, but it must also be made to appear that there was a mutuality of mistake, for, in the absence of fraud or inequitable conduct, a unilateral mistake will not furnish ground for a reformation. * * *."

■ Of course on demurrer the allegations of the bill of complaint must be construed most strongly against the pleader. Construing the allegations of the bill of complaint as last amended in their most favorable light for the appellees, we cannot say that the allegations of the bill in regard to mutuality or mistake are sufficient to render the bill not subject to demurrer.

II. But the complaint contains allegations that if the appellees are mistaken in the allegations that the contract of insurance was issued erroneously or by mistake, the appellant fraudulently misrepresented to the appellees that the policy contained the same coverage as being provided for other property owners in the same subdivision and that therefore the contract is subject to revision because of fraud of the appellant and mistake of the appellees. This pleading does not meet the requirements of our cases.

In Richardson v. Curlee, 229 Ala. 505, 158 So. 189, 190, this court said:

" * * * Fraud is a conclusion of law from facts stated and proved. When it is pleaded, either at law or in equity, the facts out of which it is supposed to arise must be stated; a mere general averment, without such facts, will not suffice. * * *."

In Groover v. Darden, 259 Ala. 607, 68 So.2d 28, 32, this court said:

"It is, of course, well established that where fraud is pleaded, either at law or in equity, the facts out of which it is supposed to arise must be stated. A mere general averment of fraud, without such facts, is subject to apt demurrer properly interposed."

It is not alleged in the bill of complaint that the policy received by the appellees did not in fact contain the same coverage as was provided others in the same subdivision. It cannot be said on the allegations of the bill of complaint as last amended that the appellant issued policies to other owners in the same subdivision or had any knowledge whatever of the coverage afforded the other owners.

■ III. As we showed above revision or reformation is designed to make the instrument speak the true intent of the parties. There must have been a meeting of the minds of the parties. The court cannot make a new contract for the parties or establish as a contract between them that which it is supposed they would have made had they understood the facts. The function of equity is to "reform an instrument only for the purpose of having it express the understanding and agreement of the parties." Reeves v. Thompson, 225 Ala. 204, 142 So. 663.

It does not appear from the allegations of the bill of complaint as last amended that there was any agreement between the appellant and the appellees. In fact the allegations of paragraph four of the bill of complaint negative any possibility that there was or had been any prior agreement or meeting of the minds. Here are the allegations: "The complainant further avers that the respondent issued the policy to the complainants herein without such policy being solicited from the respondent or any policy being solicited from the respondent. * * *"

In addition to the excerpts from the authorities which we have referred to above we add the following. In Atlas Assur. Co.,

etc. v. Byrne, 235 Ala. 281, 178 So. 451, this court said:

> "It is well settled that courts of equity will not, in the exercise of jurisdiction to reform a contract, declare or establish a contract into which the parties did not enter."

In Kant v. Atlanta, Birmingham & Atlantic R. Co., 189 Ala. 48, 66 So. 598, 599, this court said:

> " * * * in order to reform a contract, it must appear that the parties mutually intended something different from that expressed."

Furthermore in Welsh v. Neely, 187 Ala. 222, 65 So. 795, 796, involving an action for reformation of a conveyance, this court said:

> "In proceedings of this sort a court of equity will not reform the instrument unless the bill shows, and the evidence also shows, that the parties to the instrument made an agreement which, through mistake, the writing sought to be reformed does not express."

To sum up the situation there are three grounds upon which a party to a written contract or policy of insurance can have such a contract revised or reformed: (1) Because of mutual mistake of both parties to the contract, the contract fails to express the intention of the parties; (2) because of a unilateral mistake on the part of one of the parties, which the other party knew or suspected, the contract fails to express the intention of the parties; or (3) because of fraud the contract fails to express the intention of the parties.

We have reached the conclusion that the lower court acted incorrectly in overruling the demurrer to the bill of complaint as last amended.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.