I respectfully concur only in the result because I disagree with the main opinion in its analysis of the admissibility and effect of "Dixon's testimony that a jailer telephoned and told Dixon that Woods had requested to speak with the deputies." 789 So.2d at 945. This testimony did not have the effect of injecting ambiguity into Woods's statement on the "waiver-of-rights form." Woods's statement that he did not want to speak to the deputies was complete and unambiguous in the context of the written instrument where it appeared. Dixon's unilateral misapprehension to the contrary cannot legally contradict or vary the complete and unambiguous terms of the written instrument. See Kant v. Atlanta, B. Atl. R.R., 189 Ala. 48, 50, 66 So. 598, 599 (1914) ("A mistake or misunderstanding of one party to a transaction, sometimes styled a `unilateral mistake,' will not [authorize] the reformation of a written instrument; since, in order to reform a contract, it must appear that the parties mutually intended something different from that expressed."). Legal evidence, not hearsay, would be necessary to prove that Woods did, in true fact, summon the deputies and did thereby create Dixon's belief and a consequent ambiguity outside the text of the instrument.
I further respectfully disagree with the main opinion on the related subject of its statement "that the trial court is permitted to rely on hearsay evidence during a hearing to determine the admissibility of inculpatory statements." 789 So.2d at 946. In this regard I agree only that our rules of evidence define certain specified circumstances which may justify a witness's testifying to the out-of-court declaration of another. One is that the out-of-court declaration affects the witness's own state of mind in a way that is relevant to an issue in the case. Rule 801(c), Ala. R. Evid. ("`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). See Charles W. Gamble, McElroy's Alabama Evidence § 242.01(1)(c)(4) p. 1113 and § 273.02 p. 1354 (5th ed. 1996) ("[A] statement constitutes nonhearsay when, as under the present theory, it is offered to prove the state of mind of the hearer.").
Dixon's testimony about the out-of-court declaration of the jailer is admissible and significant, not because the testimony injects ambiguity into the instrument, but because the testimony, irrespective of the truth or falsity of the jailer's declaration, did tend to prove Dixon's motive for resuming the efforts to interview Woods. This motive is relevant to the ultimate issue of whether the deputies overbore Woods's will to obtain his confession, in that an innocent motive of believing that Woods had summoned the deputies would tend to disprove any contention that they *Page 948 
intended and thereby effectuated an effort to overbear Woods's will.