American Homes and Land Corporation, Inc. ("American Homes"), the plaintiff in four actions alleging, against C.A. Murren Sons Company, Inc. ("Murren"), negligence and seeking indemnity (CV-06-392, *Page 873 
CV-06-393, CV-06-394, and CV-06-395) and the cross-complainant in an action alleging similar claims against Murren (CV-05-904), filed five separate appeals from summary judgments entered in favor of Murren, a defendant and a third-party defendant. We consolidated the five appeals for the purpose of writing one opinion. We affirm.
 I. Factual Background and Procedural History
American Homes purchased from Forest Lakes, L.L.C., several lots in the Forest Lakes subdivision located in Shelby County. American Homes constructed residential houses on those lots and then sold the houses. Murren performed site preparation of the lots before American Homes purchased the lots.
One of the houses constructed by American Homes and subsequently sold to an individual was on lot 55 in Forest Lakes. The purchaser of the house on lot 55 notified American Homes of problems with the house, including cracked and separated drywall, cracked concrete, separating ceramic floor tile, cracked brick veneer, baseboard and wood trim that had separated from the wall, and doors that would not properly close. The purchaser sued American Homes over the defects in the house, and American Homes apparently repurchased the house from the individual.
American Homes then sued several entities involved in the development of Forest Lakes, including Murren, based on the defects in the house constructed on lot 55. American Homes and Murren resolved American Homes' claims out of court and on August 23, 2005, executed a mutual release and settlement agreement ("the release"). The release contained the following pertinent provisions:
"KNOW ALL BY THESE PRESENTS:
 "That American Homes and Land Corporation, Inc. (hereinafter the Undersigned') . . . does hereby, for and on behalf of the Undersigned, the wards, heirs, assigns, executors, successors and administrators of the Undersigned, and each of them, release, acquit and forever discharge C.A. Murren Sons Company, Inc. (hereinafter `Defendant') and all officers, agents, employees, servants, subsidiaries, affiliated companies, parent companies, insurers and insurance companies, dealers, divisions, successors and representatives of Defendant and their heirs, successors and assigns, together with any and all other persons, firms, corporations, associations or partnerships, whether herein named or referred to or not, who, together with Defendant, their insurers, and/or any of the other aforementioned persons (hereinafter the `Released Parties'), may be liable to the Undersigned, the wards, heirs, assigns, executors, successors and administrators of him, from any and all claims, actions, causes of action, demands, rights, damages, punitive damages, costs, loss of services, loss of companionship, interest, expenses and compensation which the Undersigned may have had, may now have, may claim to have, or may hereafter have or claim to have in any way growing out of any act or omission or commission of Defendant, their insurers, and/or any of the other persons hereinbefore described, at any time in the past down to the date of this Full and Complete General Release, Indemnification Agreement, and Settlement Agreement (hereinafter `General Release'). It is expressly agreed intended and understood by the parties hereto that this General Release is to be constituted as a full and complete settlement, accord, and satisfaction of any and all claims that the Undersigned may have, may have had, or may claim in the *Page 874 future to have against Defendant and/or any of the other persons or entities described hereinabove.
 "It is further understood and agreed that the consideration referred to herein is in full settlement, accord and satisfaction of any and all claims, and claims of [American Homes] which were asserted or could have been asserted in the lawsuit currently pending in the Circuit Court of Shelby County, Alabama, designated as American Homes Land Corporation, Inc. v. C.A. Murren Sons Company, Inc., et al., bearing Civil Action File Number CV-03-1037.
 "Without in any way limiting the generality of the foregoing, the consideration referred to herein is in full settlement, accord and satisfaction of any and all injuries, damages, punitive damages, costs, loss of services, loss of consortium, loss of companionship, interest, expenses and compensation of every kind sustained or which may be hereafter accrued or sustained by the Undersigned, or the wards, heirs, assigns executors, successors and administrators of the Undersigned, on account of or growing out of the matters and things described in the Complaint filed in the aforementioned lawsuit. It is expressly agreed, intended, and understood that this General Release shall apply to unknown and unanticipated claims, actions, causes of action, demands, rights, damages, punitive damages, costs, loss of services, loss of consortium, attorney's fees, expenses and compensation of any kind whatsoever resulting from said incident, as well as to those now known or disclosed.
 "Without in any way limiting the generality of the foregoing, it is further expressly agreed, intended and understood that the consideration referred to herein and paid hereunder is received in full settlement, accord and satisfaction of any and all claims which have been asserted or which could have been asserted against Defendant and/or against any of the other persons described hereinabove, by the Undersigned.
 ". . . .
 "It is understood and agreed that this Release is the compromise of potential, doubtful, and disputed claims; that the consideration referred to herein and paid hereunder is not and shall not be construed to be an admission of liability on the part of any of the parties released hereunder and that said parties deny liability therefore [sic]; and that the consideration paid hereunder is paid and received to compromise and settle disputed claims.
 "The Undersigned hereby declares and represents that the damages and losses allegedly sustained by the Undersigned are, or may be, uncertain and, in making this General Release, it is understood and agreed that the Undersigned relies wholly upon his own individual judgment and belief as to the nature, extent, effect, and duration of said damages and losses and liability therefor. This General Release is made without reliance upon and statement or representation of any of the parties released hereunder or his representative.
 ". . . .
 "The Undersigned further declares and represents that no promise, inducements, or agreements not herein expressed have been made to the Undersigned; that the Undersigned is competent to execute this document; that the Undersigned has read this document, understands its content, and executed it voluntarily; and that this General Release contains the entire agreement of the parties hereto. *Page 875 
 "It is further expressly stipulated and agreed that the terms of this Full and Complete Receipt, General Release, Settlement and Indemnity Agreement shall be governed in all respects by the laws of the State of Alabama.
 "The Undersigned hereby acknowledges his voluntary execution of this release and receipt of a copy hereof."
(Emphasis added.)
Six days after the release was executed, on August 29, 2005, the purchaser of a house constructed by American Homes on lot 56 in Forest Lakes sued American Homes, asserting that there were defects in the house, including foundation cracking and settlement, for which American Homes was liable. American Homes, in turn, on March 23, 2006, filed a third-party complaint against Forest Lakes, L.L.C., Geo Engineering, Inc., and Murren, three of the entities involved in the development of Forest Lakes. American Homes alleged that Murren negligently performed its site-preparation work on lot 56 and sought indemnification from Murren for the homeowner's claims. On the same day American Homes filed four separate actions against the same entities asserting similar claims involving lots 43, 53, 58, and 154.
Murren moved for a summary judgment in each of the actions, alleging that American Homes' claims against it were precluded by the release executed in conjunction with the settlement of the claims relating to lot 55. The trial court entered summary judgments in favor of Murren and certified those judgments as final pursuant to Rule 54(b), Ala. R. Civ. P. American Homes filed a consolidated motion to alter, amend, or vacate the judgments pursuant to Rule 59(e), Ala. R. Civ. P., in which it argued for the first time that the release should be reformed in accordance with § 8-1-2, Ala. Code 1975. The trial court denied American Homes' motion. American Homes appeals.
 II. Standard of Review
"The standard by which this Court will review a motion for summary judgment is well established:
 "`The principles of law applicable to a motion for summary judgment are well settled. To grant such a motion, the trial court must determine that the evidence does not create a genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present "substantial evidence" creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989); § 12-21-12(d)[,] Ala. Code 1975. Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
 "`In our review of a summary judgment, we apply the same standard as the trial court. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala. 1997). Our review is subject to the caveat that we must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Manners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).'"
Payton v. Monsanto Co., 801 So.2d 829, 832-33
(Ala. 2001) (quoting Ex parte Alfa *Page 876 Mut. Gen. Ins. Co., 742 So.2d 182, 184
(Ala. 1999)).
 III. Analysis
American Homes argues that the release executed by American Homes and Murren in settlement of the claims relating to lot 55 was limited in scope to the claims relating to lot 55. Alternatively, American Homes argues that the express references in the release to lot 55 create an ambiguity in the release that precluded the summary judgments in favor of Murren. Murren argues that the release clearly and unambiguously releases it from all claims American Homes may have against it and is not limited to the claims relating to lot 55.
Previously, this Court has stated:
 "The threshold question — whether a release is ambiguous — is a question of law to be decided by the Court, see, Baker v. Blue Circle, Inc., 585 So.2d 868 (Ala. 1991). If the Court finds the release to be unambiguous, then the construction and legal effect of the release are questions of law, which, under appropriate circumstances, may be decided on a motion for summary judgment. See, Baker v. Blue Circle, Inc., supra. However, if the Court determines that the terms of the document are ambiguous in any respect, then the true meaning of the document becomes a question for the factfinder. See, e.g., McDonald v. U.S. Die Casting Development Co., 585 So.2d 853
(Ala. 1991).
 "The mere fact that the parties argue different constructions of the document does not force the conclusion that the disputed language is ambiguous, see, Englund's Flying Service, Inc. v. Mobile Airport Authority, 536 So.2d 1371 (Ala. 1988). Rather, a document is unambiguous if only one reasonable meaning emerges, see Reeves Cedarhurst Development Corp. v. First Amfed Corp., 607 So.2d 184 (Ala. 1992). . . . [T]he written instrument must be construed in its entirety — single provisions or sentences are not to be disassociated from others referring to the same subject matter. See, e.g., Englund's Flying Service, Inc., supra.
 "Thus, absent fraud, a release, supported by valuable consideration and unambiguous in meaning, will be given effect according to the intention of the parties from what appears in the four corners of the document itself; and parol evidence is not admissible to impeach or vary its terms."
Wayne J. Griffin Elec., Inc. v. Dunn Constr. Co.,622 So.2d 314, 316-17 (Ala. 1993).
American Homes argues that the language of the release clearly indicates that the intent of the parties was to release Murren from liability only as to the claims and damages asserted in the action involving lot 55. In support of its argument, American Homes notes the following language in the release:
 "It is further understood and agreed that the consideration referred to herein is in full settlement, accord and satisfaction of any and all claims, and claims of [American Homes] which were asserted or could have been asserted in the lawsuit currently pending in the Circuit Court of Shelby County, Alabama, designated as American Homes Land Corporation, Inc. v. C.A. Murren Sons Company, Inc., et al., bearing Civil Action File Number CV-03-1037.
 "Without in any way limiting the generality of the foregoing, the consideration referred to herein is in full settlement, accord and satisfaction of any and all injuries, damages . . . sustained or which may be hereafter accrued or sustained by the Undersigned . . . on account *Page 877 
of or growing out of the matters and things described in the Complaint filed in the aforementioned lawsuit."
American Homes also notes the use in the release of such phrases as "the aforementioned lawsuit"; "said incident"; "the claims, actions, causes of action, demands, or rights referred to herein"; "the consideration paid hereinunder is paid to received to compromise and settled disputed claims"; and "the aforementioned incident." When the release is construed in its entirety, however, these phrases do not negate the generality of the release. The release explicitly states:
 "That American Homes . . . does hereby . . . release, acquit and forever discharge [Murren] . . . from any and all claims, actions, causes of action, demands, rights, damages, punitive damages, costs, loss of services, loss of companionship, interest, expenses and compensation which [American Homes] may have had, may now have, may claim to have, or may hereafter have or claim to have in any way growing out of any act or omission or commission of [Murren] . . . at any time in the past down to the date of this Full and Complete General Release, Indemnification Agreement, and Settlement Agreement (hereinafter `General Release'). It is expressly agreed, intended and understood by the parties hereto that this General Release is to be constituted as a full and complete settlement, accord, and satisfaction of any and all claims that [American Homes] may have, may have had, or may claim in the future to have against [Murren] and/or any of the other persons or entities described hereinabove."
The release twice memorializes that the consideration therefor is in full settlement of all claims actually brought in the action involving lot 55 or claims that American Homes could have brought against Murren. Both clauses are prefaced with the language "[w]ithout in any way limiting the generality of the foregoing," i.e., the general release clause. Thus, when the release is considered as a whole, it unambiguously releases Murren from all claims that American Homes may have had against Murren at the time the release was executed. Since American Homes' claims against Murren were expressly waived by the release, the trial court did not err in entering the summary judgments in favor of Murren. Because we conclude that the release is unambiguous, we pretermit consideration of American Homes' argument regarding parol evidence.
American Homes further argues that, if this Court determines that its claims against Murren involving lots 43, 53, 56, 58, and 154 are included in and waived by the release the release should be reformed so that the release is limited to those claims relating to lot 55. In support of its argument, American Homes notes that both the president of American Homes and the attorney representing American Homes at the time the release was executed testified by affidavit that they read the release to release Murren only from the claims asserted in the action involving lot 55 and that they did not intend to release Murren from any claims that might arise regarding other property located in Forest Lakes.
"In Alabama, reformation of contracts is governed by § 8-1-2, Ala. Code 1975; that Code section provides:
 "`When, through fraud, a mutual mistake of the parties or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, *Page 878 
so far as it can be done without prejudice to the rights acquired by third persons in good faith and for value.'
 "This Court has stated that `[t]he terms of the statute [§ 8-1-2] are plain and unambiguous and give the equity court power to reform or revise a written contract only when the requirements of the statute have been met.' American Liberty Ins. Co. of Birmingham v. Leonard, 270 Ala. 17, 21, 115 So.2d 470, 473 (1959). Moreover, it is the burden of the party seeking reformation to establish by clear and convincing evidence that those requirements have been met. demons v. Mallett, 445 So.2d 276, 279 (Ala. 1984)."
Goodwyn, Mills Cawood, Inc. v. Markel Ins. Co.,911 So.2d 1044, 1047-48 (Ala. 2004).
American Homes has failed to meet its burden with respect to showing that a question of material fact exists as to whether the requirements set forth in § 8-1-2 for reformation of a contract have been met. Specifically, American Homes fails to establish that a factual question exists as to whether it made a mistake of which Murren knew or suspected. The release, signed by American Homes' president, specifically states "that the Undersigned has read this document, understands its content, and executed it voluntarily." This Court has long held that "a person who signs a contract document is on notice of the terms therein and is bound thereby, even if he or she fails to read the document." Safeway Ins. Co. of Alabama, Inc. v.Taylor, 758 So.2d 523, 525 (Ala. 1999). By executing the release, American Homes represented to Murren that it agreed with the terms of the release. Absent some fraud by Murren, it could not have known or suspected that American Homes did not understand the terms of the release it was executing. Thus, reformation of the release is not warranted.
 IV. Conclusion
Because the trial court correctly determined that the release executed by American Homes in settlement of a previous action explicitly waived American Homes' present claims against Murren and because the reformation of the release is not warranted, we affirm the summary judgments in Murren's favor.
1061657 — AFFIRMED.
1061662 — AFFIRMED.
1061664 — AFFIRMED.
1061665 — AFFIRMED.
1061666 — AFFIRMED.
SEE, LYONS, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
WOODALL, J., dissents.